OPINION- of the Court, by
Judge Bibb.
— In covenant, Craig set forth, that by articles of agreement made on the 20th of October 1803, between Marshall and himself, it was witnessed, that the plaintiff sold to the defendant, a certain parcel of land which he had purchased out of a claim of Charles Pelham, which land was also covered by two other claims, viz. of John *380 Craig, and of Hezekiah Briscoe, heir of John Briscoe, all of which, the involved and involving claims, the said plaintiff on his part engaged to unite, and sold to the defendant to a certain extent, reserving certain parcels as therein expressed : that the defendant covenanted to pay for the lands so sold, at the rate of twelve and an half dollars per acre, in manner and in portions therein set forth ; that the plaintiff agreed, upon the execution of the articles, to assign to the defendant, Pe-1-ham5s bond for that part of his claim which the plaintiff had already purchased ; and the defendant agreed to make certain payments as set forth ; that the defendant farther covenanted, when the plaintiff should have secured and conveyed to the defendant, the right of John Craig to the land so sold, the defendant would make other payments, in manner set forth, so as in the whole to make up, with the payments before stipulated, two. thirds of the whole sum the defendant contracted to give for the land : and the defendant farther covenanted, that when the plaintiff should have secured the right of Briscoe, “ in whosoever hands the same should be,” and should convey the same to the defendant, that then the defendant would pay the balance in manner set forth, &e. “ And it was farther agreed upon, that whenever the plaintiff would give credit to the defendant for the whole or any part of the sum which was attached to the conveyance of said Briscoe’s right as mentioned in the said contract, and at the same time would relinquish to him, the said defendant, his pre-emptive right, as by the said contract established, to purchase of the said Briscoe, or other person holding the right of the said Briscoe to the lands, thereby and therein sold to the said defendant, (describing particularly the part to which the said pre-emptive right is relinquished) he the said plaintiff, should be at liberty so to do : and that the said defendant would on his part accept such credit and relinquishment as a discharge of the plaintiff from his obligation to purchase the right of the said Briscoe, to the part so relinquished ; or if the said plaintiff should not secure and convey the aforesaid right of the said John Craig--within-— years from the date of the said agreement, the said defendant should then be at full liberty to purchase both or either of the aforesaid rights of the aforesaid John Craig, or Hezeki *381 ah Briscoe, in whosoever’s hands they may be, and that on his own account, and not for the benefit of the said Rewis Craig; and whose obligation to purchase or otherwise secure and convey to the defendant the right of the said John Craig to the land therein sold, should in no manner be impaired.”
If the cove-nantee is the cause why the covenantor can. not perform his covenant, he is «xcufed, and money contracted to be paid him for performance, becomes due as if he had actually performed.
*381 The plaintiff then averred, he had well and truly kept the covenants on his part ; that he did assign to the defendant on the day of the date of said covenant, said Pelham’s bond, &c. ; that he did afterwards secure the lands as aforesaid sold, &c. ; and afterwards, to wit, on the-- day, &c. conveyed the said right to the defendant : that he would likewise have secured and conveyed the right of the said Briscoe, within the period limited, but the defendant obstructed and prevented the plaintiff from carrying the said stipulation into effect u by purchasing himself, and for his own benefit, within the said period, to wit, on the . ■ day of ——— the right of him the said Briscoe, in the land so sold by the said plaintiff to the said defendant ; and then assigns the breach generally, and also particularly, in this, that the defendant on the -- day of August 1801, at, See. did purchase for himself, and not for the benefit of him the said plaintiff, the right of said Briscoe to the land so sold by the plaintiff to him the said defendant, in violation of the pre-emptive right secured to the plaintiff; and that the defendant had failed and refused to make payment of the amount of the purchase money for the tract of land so sold to him as aforesaid by the plaintiff, in the manner and payments by the said covenant stipulated, although often requested, &c. and particularly on, &c. ; but that the said defendant unjustly, and in violation of the said contract, withholds and refuses payment of the one third of the amount of the price of said land, upon the unjust and ill founded pretence, that the plaintiff has not yet acquired the right of the said Briscoe to the said premises.”
To this the defendant pleaded covenants performed, after oyer of the declaration and covenant; on which plea an issue was joined to the country.
The defendant pleaded secondly ; protesting, that the plaintiff had not kept and performed his covenants; and farther protesting, that the said plaintiff would not have purchased said Briscoe’s right, within the period *382 limited, had not the defendant purchased it himself ; and farther protesting, that the purchase of said Briscoe’s claim was not in violation of his agreement, nor for the defendant’s benefit, but for the benefit of the plaintiff ; that he had purchased said Briscoe’s right for the benefit of the plaintiff", at 875 dollars, out of his own effects ⅛ that he placed the purchase to the credit of the plaintiff on the said covenant, at the sum of 1375 dollars, and charged him only with the sum of 875 dollars, making a profit to the defendant of 500 dollars ; avers that the land in the covenant mentioned was by actual survey 330 acres, as sold to the defendant; that he hath well and truly paid the plaintiff, the sum of 3250 dollars, which, added to the 875 dollars paid for Briscoe’s claim, makes the whole amount of the purchase money at 12 1-2 dollars per acre ; wherefore he saith he hath well and truly kept and performed his covenants according to the true meaning and obligations thereof, &c. : to this the plaintiff put in a general demurrer, in which the defendant joined ; and upon this the court gave judgment in favor of the demurrant.
A jury were sworn to try the other issue, and found in favor of the plaintiff, whose damages they assessed at £. 351 12s.
In the progress of the trial, the defendant took a bill of exception to the opinion of the court, in overruling his objection to a question asked by the plaintiff, of a witness.
The defendant moved for a new trial, which was overruled, to which he likewise took a bill of exceptions, certified as containing the whole of the evidence ; and thereupon judgment was given in favor of the plaintiff, for the damages by the jurors assessed; from which the defendant appealed.
The assignments of error may be considered as in» volving four questions.
1st. The sufficiency of the breach of covenant in the declaration assigned.
2d. The sufficiency of the defendant’s second plea.
3d. The correctness of the opinion of the court on the objection to the question propounded to the witness.
4th. The propriety of overruling the motion for a new trial,
*383 The objection to the breach assigned was argued in two divisions, the one, that it was not within the covenants on the part of the appellant or either of them, the other, that the plaintiff had declared for the contract price of the land, as though he had performed his covenants, whereas he had admitted anon performance, but for the purchase of Briscoe’s claim made by the defendant, wherefore the plaintiff should have gone for the damages to him resulting from the said purchase so made.
It is well supported by authorities, that the law requires no set form of words to create a covenant, and for that purpose any words will be effectual, which shew that the parties to a deed have concurred and assented to the performance, or forbearance of a future act. As if the lessee covenants to make repairs, provided always, and it is agreed, that the lessor shall find timber 5 this makes a covenant on the part of the lessor, to find timber ; and it shall not be considered as a bare qualification of the lessee’s covenant, but shall entitle the lessee to his action of covenant in case of a failure. If A. leases to B. upon condition that he shall acquit the lessor of charges, and leave the premises at the end of the term in as good plight as he found them, if he doth not leave them so repaired, an action of covenant lies. So in the case before us, when the parties have said “ it was farther agreed,”, that the plaintiff should be at liberty to relinquish his pre-emptive right, as by the said contract established., to purchase of the said Briscoe, or other person holding the right of the said Briscoe, &c. or if the said plaintiff should not secure and convey the right of said John Craig within a limited time, that then the said defendant should be at liberty to purchase either the right of said Briscoe, or of said Craig, in whose hands soever they might be. These expressions shew a clear assent and agreement on the part of the appellant, that the appellee hath the pre-emptive right spoken of, and amounts to a covenant that the appellant shall not purchase within the time limited, or during the continuance of the appellee’s pre-emptive right. And from those expressions, as well as from the other express and, explicit terms used in the agreement, a covenant was obligatory on the part of the appellee to purchase Bris-coe’s right and secure it to the appellant, If the ap *384 pellant has therefore violated this covenant on his part, what is the result to the appellee ? Not imaginary and assessable damages only for this breach, but the appel-lee might well declare for such damages, as well as to have a performance of the defendant’s covenant, in the same manner as if he had performed the act which the appellant hath by his own wrongful act put beyond the power of the said plaintiff to perform. The appellee sold the land at a stipulated price, one third whereof was attached to the covenant for securing Briscoe’s claim upon it, as a precedent condition ; now shall it be said that when the appellant hath, against his covenant* put it out of the power of the appellee to perform the condition precedent, that therefore the third part of the price shall be lost to him ? The law as well as the plain intent of the parties, saith, for that the appellant is the cause why the condition precedent cannot be performed, therefore the covenantor is excused, and the duty flowing from the appellant to the appellee, must attach. Herewith agrees the principles laid down in Coie Lit. fol. 210, b — Shepherd’s Touchstone, title obligations. We conceive therefore that the breach is well assigned, within the covenant, and that the plaintiff had a right to go for the contract price, depending on, and attached to Briscoe’s claim.
Upon the second question, we have no difficulty in saying that the judgment of the court in favor of the demurrant was correct. Upon the facts set forth in the plea itself, (waiving all objection to the form and argumentation of it since the plaintiff demurred generally) the defendant hath distinctly admitted a good cause of action in the plaintiff for 875 dollars. He doth not by the plea, assert that he purchased Briscoe’s claim with the assent or authority of the plaintiff. His purchase of Briscoe’s claim against the covenant on his part, gave him no claim to have a deduction out of the price contracted for between Craig and himself. The appellant ought not to be permitted thus to evade and elude his covenant not to buy within a limited time. He cannot derive authority from the covenant, as agent for Craig, when so far from a delegation of it there is a plain covenant on his part not to intermeddle. Craig has made no express promise to pay the sum so advanced, and it is plain the law will not imply one in favor of an *385 advance made, not at the special instance and request of the party to be charged, but against the covenant of the party claiming the advance.
, The third question relates to a bill of exceptions taken by the defendant to the opinion of the court in overruling an objection which he made, because the “ plaintiff was about to inquire of the witness, who was the agent of Briscoe, how much he had sold that claim to Jackson for.” As neither the answer of the witness to the question, nor any other part of his, or the other testimony in the cause is stated in this bill of exceptions, the point is too insulated and abstract to require an opinion. But if this bill of exceptions is taken in connection with the testimony of the same agent, and the other evidence stated in the bill of exceptions upon the motion for a new trial; then indeed, it appears that the question and response was pertinent and proper, because the whole evidence conduces to prove a connection between the appellant and Jackson in the purchase ; that the price given for Briscoe’s claim, to 700 acres, including the land sold by the appellee, was more than, remunerated by the immediate and consequent assignment of bonds to said Jackson and thé appellant, which, bonds were appendant to said Briscoe’s claim, amounting to £. 190, taken for town lots, composing not more than 300 of the 700 acres, and that the price given for the whole claim of Briscoe, including those bonds, was only about 550 dollars.
Upon the fourth point, little remains to be said after the opinions of the court on the second and first points. The motion for a new trial appears to have been one of those irregular indulgences, too frequently granted by courts, in hearing the motion upon the -whole case, without any distinct statement of the grounds upon which it was moved.
The bill of exceptions presents a case not so favorable for the appellant as his second plea. To the declaration charging him. with a breach of his covenant, whereby the plaintiff’s right to have the alternative, to wit, a payment in bonds and notes of one third part of the contract price of the land, %nd assigning breach in non payment, &c. the appellant had pleaded the affirmative plea of covenants performed; he offered no evidence as to the payment of 875 dollars, and interest, for *386 which sutn the jury rendered their assessment of damai ges, (as in the sixth assignment is averred) and upon the issue and evidence, that seems to have been the proper criterion of damages. Wherefore it seems to the court, that there is no error in the proceedings as the appellant hath complained. — —Judgment affirmed.
Oct. 24th 1809.