Opinion op the Court,
by Judge Mills.
The plaintiff in error declared in assumpsit against defendant, to recover the price of freighting a ]a,.ge quantity of Tobacco for the defendant, down die Kentucky river, and from thence to New Orleans, and delivering the same to Flower and Finley. The pleaded non-assumpsit. On the trial, the Pontiff proved, that after he had signed the bills of lading, and before he started with the tobacco, he went to the store of the defendant, and there complained, that b®d sl§nec^ bills of lading admitting the tobacco to be in good order and condition, and had found it was not so when he came to see it, having signed the bills of lading before he had seen it, and he now supposed there would be some difficulty in obtaining the freight from the consignees, in New Orleans, and he feared the tobacco would not bring enough to pay the freight. The defendant, in reply, urged him to proceed without delay, on the voyage, and said the bills of lading should be *197 altered, and promised the plaintiff to pay the freight.— He further proved, that the tobacco was damaged by drowning, before it came to his care; that he proceeded therewith to New Orleans, where the consignees refused to receive it, or to pay the freight, on account of the injury it had sustained; but were ultimately prevailed on to receive the tobacco, without paying freight.
The defendant gave in evidence the bill of lading, which expressed that the tpbacco was in good order; that it was shipped “on account of, and risk of Vonhapff, Bourne & Co. of Baltimore,” and “to be delivered to Flower and Finley, or ^heir assigns, he or they paying freight.”
On this evidence, the counsel for the defendant moved the court to instruct the jury to find for the defendant. This instruction was not given; but in lieu thereof, the court instructed the jury, that said bill of lading contained the contract between the parties, and that by said bill of lading, the defendant appeared merely to have acted as an agent; and that if they believed from the evidence, that the credit was given to the consignee, they must find for the defendant; but if they found the credit was given to the defendant, they must find for the plaintiff.
The jury found for the defendant, and the plaintiff below has prosecuted this writ of error.
We cannot approve of the instruction given by the court below, although, at first blush, it may not appear to be very exceptionable. It is certainly calculated to draw the minds of the jury from the consideration of the assumpsit of the defendant himself, on which the suit is founded, and to fix their attention on the bill of lading alone, on which the suit was not brought, and taught them to consider it as the only contract. No doubt, the bill of lading was the first contract, and there is as little doubt, that by its terms, the master was to risk the consignees, and his lien upon the articles. To this, however, before he performed the undertaking, he did not choose to trust. To obviate the difficulty into which he had gone, by signing the bills of lading, and to induce him to perform the voyage, the defendant interposed his own promise; and.it was competent for him to do so, and to bind himself, as was held by this court in the case of Wilkins & Earnest vs. Duncan, 2 Litt. Rep. 168, which is a case nearly, if not precisely, analagousl *198 R was certainly competent for the parties to change the contl'a(4) and for the defendant to interpose his own credit. It is true, in the first transaction, he appeal’s to have acted as agent, althought his character is not really ascertained by any thing but the face of the bill. Whether he had or had not such agency in fact, is not otherwise proved. In the last contract, he assumed the attitude of principal. To whom the tobacco actually belonged, is not shown. It cannot be pretended, as has been suggested, that the assumpsit of the defendant comes within the purview of the act of assembly to prevent frauds and perjuries. It. was not assuming the debt, default or miscarriage of another. It does not appear that the house at Baltimore, on whose account the articles were shipped, or that the consignees, were bound, or that the defendant had any authority to bind them, or that any other person was bound for the freight, before the assumpsit of the defendant. Of course, the act can have no operation. If, therefore, the court below had instructed the jury, that if the contract remained as the bill of lading had fixed it, they ought to find for the defendant; but if they found a subsequent engagement to pay the freight, on the part of the defendant, and that, trusting thereto the plaintiff had performed the voyage, then the defendant was bound, we could not have disturbed the verdict. The instructions given, however, were calculated to call the minds of the jury to a different inquiry.
The judgment must, therefore, be. reversed with costs, and the verdict set aside, and the cause be remanded for new proceedings, not inconsistent with this opinion.