Petition for a Re-hearing.
December 15.
The counsel for Blandford would certainly not trouble the Court with this application for a re-hearing, but from strong convictions of duty. He sincerely hopes the Court will allow another argument.
The counsel believes that, there is a marked distinction between the case Chamberlin, vs. McCallister, 6 Dana, 352, and the present; in the circumstance that, in the former case, the contract from its terms was susceptible of apportionment. But if the rule of the common law, be as asserted by Evans, in his appendix to Pothier on Obligations, title Apportionment, that an entire contract cannot be apportioned or severed, then it is most respectfully submitted that this case comes within the rule.
*475 The contract was entire; the defendant was bound to perform the whole work before he was entitled to be paid, and upon the performance, he was to be paid twelve hundred dollars. He was prevented by Jewell from completing it.
Besides the cases to which the Court was referred in the argument, (Marshall vs. Craig, 1 Bibb, 379; Majors vs. Hickman, 2 Bibb, 217, and Carrell vs. Collins, lb. 429,) which hold the broad principle, that where “ the appellant,” as in this case, “ is the cause why the condition precedent cannot be performed, therefore the covenant- or is excused, and the duty flowing from the appellant to the appellee, must attach.” 1 Bibb, 384. The cases of Jones vs. Barclay, Doug. 684, Hotham vs. E. 1. Company, 1 T. R. 638, Peters vs. Opie, 2 Saund., are directly to the point. The authority of the case of Bright vs. Cowper, 1 Brownlow, 21, has never been questioned in England. An action of covenant was brought upon a covenant made by the merchant, with a master of a ship: videlicet, that if he would bring his freight to such a port, then he ■ would pay him such a sum, and shows that part of the goods were taken away by pirates, and that the residue of the goods were brought to the place appointed, and there unladen, and that the merchant hath not paid; and so the covenant broken. And the question was, whether the merchant should pay the money agreed for,. since all the merchandizes were not brought to the place-appointed. And the Court was of opinion, that he-ought not to pay the money, because the agreement was not by him performed.
All the English cases agree that the Court cannot sever a contract which the parties have thought proper to make entire.
The case of Farnham and Pollard vs. Ross and others, 2 Hall’s N. Y. R., was decided by a Court whose-adjudications are held in the highest esteem.
The plaintiffs entered into a covenant with the defendants, whereby they stipulated to build and finish the Masonic Hall in the city of New York, within a certain period. The plaintiffs completed the building within the specified time, with the exception, of the *476 front doors, and a certain stair way. These would have been completed also, but for the defendants themselves, who made certain alterations in their plan of the stairs, and delayed the finishing of the doors. An action was brought upon the covenant for the contract price of the work, and it was held by the Court, that this proof supported the averment of the performance on the part of the plaintiffs, and that the defendants could not interpose, as a defence, a delay occasioned by their own acts. The Court said upon this point, the plaintiffs “ were proceeding to complete both the stair way and the doors, within the limited time, when they were prevented from doing so by the interference of the defendants; who directed a different course of the work. This was in fact, a tender of performance on the part of th,e plaintiffs, and a refusal by the defendants, and these are held to be equivalent to an actual performance. And it is also held as a sound principle, that he “who prevents a thing from being done, shall not avail himself of the non-performance which he has occasioned.” These principles are recognized and established in Fleming vs. Gilbert, 3 John. R. 631, and are entirely applicable to the present case.”
They are equally applicable to the case before this Court.
If the Court will award a re-hearing, the counsel will endeavor to take, as he believes he can successfully, a dictinction between the case of Chamberlin and McCallister, and tire case of Smith vs. Wilson, 8 East, 437, there referred to, and the one now sought to be reconsidered.
A re-hearing is most earnestly solicited.

J. T. Morehead,

for Blandford.