Jones *vs.* Walker.

ERROR TO BATH CIRCUIT.

Judge Hise delivered the opinion of the court.

He who by his own act prevents the performance of a condition precedent, cannot take advantage of the non-performance, (1 *Bibb*, 383; 2 *Ib.* 298.)

Case stated.

J. R. Jones purchased, by executory contract, from Isaac Gray two hundred and sixty-one acres of land, at the price of sixty dollars per acre, ten acres of which Jones then sold to James E. Walker for sixty-five dollars per acre, which was paid, and a bond for the conveyance was delivered to Walker. Afterwards, Jones being pressed by judgment and execution, for a large balance of the purchase money due to Gray, institutes a suit in chancery to rescind his contract, alleging that the title was defective. Gray having died, his representative and heirs, made defendants in Jones' bill, answer and resist the rescission, partly on the ground that Jones had put it out of his power to restore the two hundred and sixty-one acres of land sold to him by the sale of the ten acres to Walker. In this state of case, Jones, by the advice of his counsel, applied to Walker as a friend and neighbor to make a re-sale of the ten acres to him in order that he should be enabled thereby to tender back the whole of the land which he had bought of Gray, and place the parties in *statu quo.* Walker agreed, for Jones' accommodation, to let him have the ten acres back again at the same price, of sixty-five dollars per acre, which he had previously paid Jones for it. Jones having represented that it was necessary for him to get back the land to procure a rescission of his contract with Gray, and if Walker would let him have it he could certainly succeed in that object. A written contract was then executed between the parties, to the effect that "for and in con-

sideration of the sum of forty dollars per acre, paid by said Jones, the said Walker sells the same said land, mentioned above, back to said Jones, and binds himself to have re-conveyed, or return to said Jones his bond for the title to the same. It is, however, agreed that if the said Jones obtains a *'rescindation'* of the contract of purchase from said Gray, in relation to the land, of which this is a part, then, in that case, the said Jones is to pay to said Walker twenty-five dollars per acre *more*, for the ten acres of land hereby sold to him. Witness our hands, this 29th April, 1842."

The defendant Jones, notwithstanding he had thus procured from Walker his ten acres of land, subsequently, on the 23d of July, 1844, entered into a compromise with Gray's heirs and representatives, by which, in consideration of indulgence extended and a considerable abatement of the total amount of purchase money and interest due, he agrees to take the land and risk the title, and wholly abandons his suit for a rescission of the contract of purchase, which was consequently afterwards dismissed.

Jones then refused to pay to Walker the additional twenty-five dollars per acre, and insists that as his suit was compromised and dismissed, though done by himself without the consent of Walker, he had legally discharged himself from responsibility, because the precedent condition, upon the happening of which he was to pay, had not occurred or been performed, though its occurrence or performance was prevented by his own act.

James E. Walker assigned this contract to James C. Walker, who, by the transfer obtaining only the equitable right thereto, (inasmuch as it was not legally assignable,) institutes this suit in chancery against the assignor and Jones to recover what is justly due to him under said agreement, and by reason of the facts stated.

The circuit court rendered a decree in favor of the complainant for $57 46⅔ cents, with interest from the

23d of July, 1843, the date of the compromise agreement, until paid, and costs of suit—arriving at that precise sum, by assuming that Jones had gained, by his compromise, $5 74⅔ cts. per acre for each acre of the land he had purchased from Gray, including the ten acres which he had purchased from complainant's assignor, and by multiplying the gain per acre by ten. From this decree Jones has appealed to this court, and assigns for error, that the decree should have been in his favor. The complainant has filed cross errors, and contends that the court erred in refusing to allow him two hundred and fifty dollars, the full price for the ten acres of land, and in failing to recognize and give him the benefit of his lien upon the land to secure the payment of the sum decreed.

It is a general principle of law, that he who himself prevents the happening or performance of a condition precedent, upon which his liability, by the terms of the contract, is made to depend, cannot avail himself of his own wrong and relieve himself from his responsibility to the obligee, and shall not avail himself, to avoid his liability, of a non-performance of such precedent condition, which he has himself occasioned, against the consent of the obligee. The opinions delivered by this court in the case of *Craig* v. *Marshall*, 1 *Bibb*, 383 to 396, and in the case of *Majors* v. *Hickman*, 2 *Bibb*, 298, fully recognize and approve this principle, and apply it to cases of decidedly inferior merit to the one now under consideration.

> He who by his own act prevents the performance of a condition precedent cannot take advantage of its non-performance, (1 *Bibb*, 383; 2 *Ib*. 298.

In each of those cases it is assumed that the defendants had, by their own acts, without the consent of the covenantees, prevented the performance, by the plaintiffs, of a precedent condition, upon which the liability of the defendants depended, and the defendants are made liable for the whole sum agreed to be paid, without any abatement whatever, although the performance of the conditions precedent, as prevented by the defendants, relieved the plaintiffs themselves from the burthen of performing those conditions, which otherwise they would have been required to

perform at the cost of, perhaps, considerable labor and money before their right to recovery would be available. In the present case, the whole consideration of the agreement, the ten acres of land, had been executed and passed from the complainant to the defendant, and the complainant had no further duty to perform, money to pay, or service to render, in order to entitle him to the additional twenty-five dollars per acre; and his right to that was made to depend upon a contingency or condition, the occurrence of which depended in no degree upon his own action or volition, but upon the action or decree of a court of justice, to be rendered in a suit in which the defendant Jones was the party complainant; and which action and decree, and therefore the happening of the contingency, was rendered impossible by the act of Jones himself, whose suit was dismissed as the result of a compromise agreement made by him without Walker's consent.

In the first case referred to, the plaintiff Craig was prevented, and as a consequence relieved, from purchasing in and quieting an outstanding claim to land sold to the defendant, which he contracted to do as a precedent condition to the payment of a certain amount of purchase money to be made by defendant, by the defendant's having, within the period allowed to the plaintiff, purchased in and quieted the claim himself; yet, it was decided that the plaintiff should recover the whole amount of the purchase money, without any abatement of the amount, although he had been relieved from the duty of purchasing himself the outstanding claim, by the defendant himself. In the other case, it was decided that an attorney who had been relieved, by the absconding of the defendant, who lay under a prosecution for felony, from the duty of attending to his defense, and prevented from performing the condition precedent, upon which his fee was payable—to-wit: that the defendant should be acquitted and discharged from the prosecution—

was entitled to recover the whole amount of such fee without abatement.

Even if the court, now, should not be inclined to give to the principle of law, as stated, as broad an application as in the case of *Craig* v. *Marshall*, or *Majors* v. *Hickman*, yet it is considered that it has an appropriate application to the case under consideration, which presents more meritorious claims to the full benefit of the rules stated than either of the cases referred to. Wherefore, the decree of the circuit court is reversed upon the cross errors, and cause remanded, with direction that a decree be rendered in favor of the complainant for the sum of two hundred and fifty dollars, with six per cent. interest from the 23d of July, 1844, the date of the compromise, until paid, and his costs of suit; and if not paid upon a day given, that the complainant have his lien enforced upon the ten acres of land.

*Apperson*, for plaintiff; *Cord & Walker*, for defendant.