Reversed and remanded.

## JOSEPH F. SMITH v. ABNER S. LIPSCOMB.

Where an attorney at law is retained, it is competent for him to substitute another
in his room and stead, and if the client knows of the substitution, and either ac-
cepts the services or does not object, he is bound by the substitution. SPECIAL
COURT.

In an action by an attorney at law on a special contract for professional services,
under a general averment of performance the plaintiff may prove performance
by substitution with the defendant's consent. SPECIAL COURT.

Where one party promises to render certain services, the time of rendering which
cannot, from the nature of the services, be fixed, in consideration of a certain
sum of money to be paid at a stipulated time, in an action for the recovery of the
money, after the time fixed for its payment, it is not necessary to allege perform-
ance of the services. SPECIAL COURT.

Where an attorney at law, in consideration of a certain fee, to be paid at a certain
time, undertook to attend to certain suits &c., and having sued for the fee, the
defendant denied that the plaintiff had rendered the service, and on the trial
proved that plaintiff had not rendered the service in person, it was held that it
was competent for the plaintiff, without allegation, to rebut the testimony of
the defendant by proving that by procurement of the plaintiff, with defendant's
consent, another attorney had done the service, until he was discharged by the
defendant; and it was further held, that such proof entitled the plaintiff to a
recovery as if the contract had been fully performed by the plaintiff in person.
SPECIAL COURT.

Where a party in whose favor something is to be done, in consideration of his pro-
mise to pay a certain sum of money to another, prevents that performance, and
the other is not in default, the money may be recovered as if the act had been
performed. SPECIAL COURT.

Appeal from Victoria. Action by Abner S. Lipscomb for
the use of himself and Barry Gillespie, late partners in the
practice of law, against Joseph F. Smith, on a contract in
writing, dated at Austin, April 16th, 1840, as follows: "It
"is this day mutually agreed by and between Joseph F. Smith

" and Abner S. Libscomb. For the consideration hereinafter to
" be expressed, the said Lipscomb undertakes to render his
" professional services, as an attorney and counsellor at law,
" in support of the land claims of said Smith, both those in
" his own right, and those claimed by him as agent for others,
" at this time, on the west side of the Guadalupe ; and the
" said Smith in consideration of such services undertakes, and
" promises to pay to the said Lipscomb five thousand dollars,
" in good and lawful money, in three equal instalments, that
" is to say, one-third at the end of one year from date, one-
" third at the end of eighteen months from this date, and the
" remaining one-third at the end of twenty-four months," &c.
The contract contained a further stipulation that Lipscomb
should receive one-twentieth of the land which should be se-
cured to Smith "by being the immediate subject of a judicial
decision ;" but this suit only claimed the payment of the mo-
ney and interest. On the 22d of June, 1845, Smith endorsed
on the contract, "I do hereby confirm the within agreement and
expressly waive any law of prescription that might intervene,"
signing his name thereto. The original contract was signed
by both parties, in duplicate. The petition declared on the
contract and its confirmation, setting them both out ; and
averred " that he has done or caused to be done, all and every
thing incumbent on him to do under said contract, to entitle
him to the sum now demanded from said defendant."

Defendant demurred on the ground that " plaintiff cannot
recover money of the said defendant for services performed or
legal advice given to said defendant by another person, as
claimed in said plaintiff's petition." Answered, denying
that the plaintiff had performed his part of the contract ; and
pleaded specially in reconvention damages sustained by him
by reason of the failure of the plaintiff to attend to two certain
suits brought against this defendant, for the recovery of the
lands covered by the agreement, whereby it became necessary
for the defendant to employ other counsel. The suits were
specified, and some as late as 1850, and two in the Federal
Court at Galveston.

The proof was, that soon after the contract was made in 1840, Lipscomb and Gillespie became partners in the practice of law, and the partners, with the approbation of Smith, attended to the suits contemplated by the contract, until Lipscomb became a Judge of the Supreme Court, after which, with the approbation of Smith, Gillespie attended to said suits, until sometime in the year 1847, when Smith dismissed and released said Gillespie from any further control and management of his suits; and that after that time several suits were brought against Smith involving the titles to the lands contemplated in the contract of 1840, to which no one had attended under that contract. There was no cause shown for Gillespie's discharge.

The Court below instructed the jury, that if they believed, from the testimony, that Lipscomb, or Gillespie at Lipscomb's procurement, and with consent of Smith, rendered all legal service pertaining to lands west of the Guadalupe river, it would be a compliance with the contract, and they should find for the plaintiff. If the jury believed from the testimony, that Smith accepted the services of Gillespie in place of Lipscomb, and afterwards discharged him without cause, they should find for the plaintiff the amount of the contract.

Verdict and judgment for the plaintiff for $5,000.

Special Court composed of Robert Hughes, F. H. Merriman and B. C. Franklin, Esqs.

*J. F. Smith,* for appellant.

*Phillips & Phillips,* for appellee.

HUGHES, S. J. The action in the Court below was commenced upon an agreement in writing between the appellant Smith, and the appellee Lipscomb, of the date of the 16th day of April, 1840, by which, in consideration of the matters therein mentioned, Lipscomb agreed to render his professional services as attorney at law, &c., in the land business of Smith,

and for those persons for whom he was agent; in considera-
tion whereof said Smith promised to pay said Lipscomb the
sum of five thousand dollars, in three equal instalments, one-
third at the end of one year, one-third in eighteen months, and
the remainder in twenty-four months from date. By the
agreement referred to the covenants on the part of Lipscomb
were not to be performed within any limited period.

On this agreement action was commenced by Libscomb, for
the use of Lipscomb and Gillespie, in the District Court of Vic-
toria county, on the 20th day of April, 1849, to recover the five
thousand dollars. By the petition the agreement is sued on
by proper averments, connected with an allegation, that, on
the 22d day of June, 1845, by indorsement upon the agree-
ment, the said Smith confirmed the same, and waived the law
of prescription. The petition then avers that he, Lipscomb,
had done and caused to be done, all and every thing on his
part to be done and performed, to entitle him to the sum de-
manded, and then concludes with a breach, and the necessary
prayer for relief.

The defendant, after service of process, entered his appear-
pearance by filing his answer, in which is a demurrer, and
this assigned for cause : that said plaintiff cannot recover mo-
ney of the said defendant for services performed as an attor-
ney, or legal advice given to said defendant by another person,
as claimed in said petition.

This demurrer was submitted to the Court by order preced-
ing the order setting out the trial, &c., and was overruled.
And the first question is, did the Court err in making this rul-
ing? This is the main question, and as such will now be
considered and disposed of.

The averment of the petition is, that Lipscomb had done
and performed, and caused to be done and performed, all on
his part to be done and performed. But this is said not to be
sufficient, for the reason, that when Lipscomb was employed,
he had no right to employ another; and it being alleged by
Lipscomb that he had caused to be done, what was necessary

to be performed ; this is tantamount to the allegation that it was done by another, and consequently he did not perform and was not entitled to recover.

This we believe not to be the correct rule. We are satisfied that the correct rule is, that, in the case supposed, the case of an attorney, it is competent for him to substitute another in his room and stead, and if the client knew of the substitution, and either accepts the services of the substitute, or does not object, he is bound by the substitution. To this effect the law is laid down by the Supeme Court of the State. (Butler v. Allcorn, 8 Tex. R. 56.) The demurrer was, therefore, properly overruled by the Court below.

The trial was thereupon had ; during the progress of which various objections and exceptions were taken and questions reasoned, and a verdict and judgment was rendered in favor of Lipscomb. A new trial was asked for, overruled and appeal to this Court.

But a portion of the questions made in the Court below or in this Court, are thought to be entitled to notice.

It is contended, as it had been in the Court below, that the agreement sued on was with Lipscomb, who in consideration of the promise by Smith, agreed to perform certain professional services ; and if true that Gillespie was substituted with the consent of Smith, express or implied, yet this was not properly given in evidence on the trial in the Court below, because there was no allegation to that effect in the petition.

Were it true that, to entitle Lipscomb to recover the five thousand dollars on the agreement, it was necessary for him to allege performance on his part, we would say that the allegation is sufficient. The performance, as we have seen by a substitute, is sufficient, when done with the consent of the party to be charged ; and this must go upon the ground that the performance by the substitute is the performance of the principal ; and consequently an averment of performance, without allusion to a substitute, is good, and under it evidence might be given of such substitute, and performance by him. But this question does not properly arise.

It is true that Lipscomb avers performance, but this was unnecessary. An action might have been sustained to recover the five thousand dollars, without any such averment. The rule applicable here as to covenants is, that where a day is appointed for the payment of a sum of money which is or may arrive before the time appointed for, or the performance of the act to be done in consideration of the money to be paid; then the covenants are mutual and independent, and the payee may maintain an action for the recovery of the sum promised to be paid, without averring performance on his side. (Leftwich v. Coleman, 3 How. Miss. 167 ; Rector v. Price, Id. 321.)

Three determinate periods were fixed for the payment of the five thousand dollars in instalments, and from the nature of the acts to be performed by Lipscomb, it is either certain that the times fixed for payment would, or that they might arrive before the performance on the part of Lipscomb ; for Lipscomb was to act as the counsel and attorney of Smith, in an extensive land litigation, which this record shows is not yet ended. The covenants are therefore independent of each other, and Lipscomb had a right to maintain his action, without averment of performance on his part. It is true, however, that Lipscomb having sued, after the relation of attorney and client had ceased, it was competent for Smith to show a failure of consideration, and then in answer to the case attempted to be made by the defendant, it was competent for the plaintiff to show that Gillespie was substituted to Lipscomb with Smith's consent ; and that Gillespie performed the covenants faithfully, until dismissed by Smith. This, however, would not be shown for the purpose of proving a cause of action, but in answer to the proof as to failure of consideration by showing that Lipscomb had not done what he had agreed to do ; that whatever was done, was done and performed by Gillespie. The covenants being mutual and independant, showing the promise, the arrival of the time fixed for payment, and a failure to pay was all that was necessary to make out a cause of action by the plaintiff, and the proof as

to performonce was a mere negation of the plaintiff's case. It was the dismission or discharge of Gillespie as attorney, which relieved Lipscomb from further performance by himself or any one else, and perfected his right to the five thousand dollars promised to be paid; the rule being well established, that where a party in whose favor something is to be done, in consideration of his promise to pay a certain sum of money to another, prevents that performance, and the other is not in default, the money may be recovered as if the act had been peformed. (Kennedy v. Kennedy, 2 Bibb. 454; Marshall v. Craig, 1 Bibb, 389-390.)

The plaintiff below, Lipscomb, then, was entitled to recover, though everything was not in fact done by him which was required by the agreement, because the act of Smith by preventing, excused the non-performance, and it was as if there had been a perfect performance by Lipscomb, and the new trial was properly overruled.

We think there was no error in the judgment of the Court, and that the same ought to be and accordingly is affirmed.

Judgment affirmed.

FRANKLIN, S. J., dissenting. I regret that my conclusions as to the law of this case compel me to dissent from the opinion delivered by a majority of the Court. Feeling sensibly that I am as liable to err in my conclusions as others, I would yield my individual opinion and concur with the majority of the Court, if I did not believe that each member of the Court was bound by the highest obligation to decide the case submitted, according to the dictates of his own conscience and his individual judgment. Failing to concur in the opinion delivered by a majority of the Court, it is my duty to express my own judgment in this case, and some of the reasons upon which that judgment is founded.

This suit was filed on the 20th of April, 1849, in the District Court of Victoria county, by Abner S. Lipscomb, who

sued for the use of himself and Barry Gillespie. The action was based on a contract executed on the 16th of April, 1840, signed by the appellant, Joseph F. Smith, and the appellee, Abner S. Lipscomb. By the terms of the contract Lipscomb undertook to render his professional services as an attorney and counsellor at law in support of the land claims of said Smith, both those in his own right, and those claimed by him as agent for others at the time of the contract, on the west side of the Guadalupe, and in consideration of such services, Smith undertook to pay Lipscomb five thousand dollars in three equal payments, the first in twelve, the second in eighteen, and the third in twenty-four months from the date of the contract. The contract contains other provisions not necessary to be noticed. The petitioner states that he has done or caused to be done everything incumbent on him to do under said contract to entitle him to the sum demanded; then declares a breach of the contract by Smith in refusing to pay, &c. Subsequently, on the 2d of September, 1851, the plaintiff filed an amended petition, in which he says that Barry Gillespie, one of the parties in the above entitled cause, has departed this life, and alleges that Abner S. Lipscomb is the surviving partner of the firm of Lipscomb & Gillespie for whose use and benefit he sues, and prays that the same may be continued in his name as surviving partner. The defendant at the Fall Term, 1849, filed his answer, first demurring to the petition and assigning as cause of demurrer, that plaintiff cannot recover money of the defendant for services or legal advice given to said defendant by another person as claimed in said plaintiff's petition. The answer admits the contract as set out in the petition, but says that soon after the contract was made, the plaintiff removed from the county of Travis and did not attend to defendant's land locations, pending in that county, nor in any other county as he agreed to do by the terms of his contract. The answer further alleges that the plaintiff did not render the defendant any professional services as a lawyer, in support of said defendant's land loca-

tions mentioned in said contract sued on, and that the plaintiff long before the institution of the suit made said contract void by his voluntary acceptance of the office of Associate Judge of the Supreme Court of this State; that the right to the land covered by said defendant's locations mentioned in the contract sued on, and which the plaintiff agreed to maintain for the consideration expressed in the contract, was not determined when the plaintiff accepted the office of Judge, but that the right to said land locations is still in controversy in the Supreme Court of this State, &c.

The defendant pleads in reconvention, alleging that plaintiff failed and neglected to attend to the business of the defendant as he was bound by his contract, and that he had to employ other counsel, &c. It is unnecessary to notice this branch of the case, as the opinion has reference to other errors assigned than those affecting the pleas in reconvention.

The evidence contained in the statement of facts shows the contract as it is alleged in the petition ; that two petitions for *mandamus* were filed by and in the handwriting of Gillespie on the 3d of May, 1841, in the District Court of Travis county, the one in the name of the appellant and the other in the name of Plummer against the Commissioner of the General Land Office. The petitions were signed by Lipscomb & Gillespie as attorneys for plaintiff. The object of the petitions was to obtain writs of *mandamus* to compel the Commissioner of the General Land Office to issue patents for a large amount of the lands referred to in the contract between Lipscomb and Smith. These suits had been continued from Term to Term, and with the suit filed in August, 1845, by James Power, enjoining the proceedings in said cases, were still pending when Lipscomb was commissioned as Associate Judge of the Supreme Court on the 2d of March, 1846. Lipscomb did not attend the District Courts of Travis county, nor did he attend to the suits in person. Gillespie filed the petitions wherein Smith was plaintiff, and managed the cases in which Smith was a party or in which he was interested until he was dis-

charged by Smith some time after the adjournment of the Supreme Court in the Spring of 1847 ; that prior to the discharge of Gillespie, he managed the cases with great ability ; that Smith was present when the cases were argued in the District and Supreme Courts and recognized Gillespie as his attorney. The witness Hicks testified that in 1846 Smith repeatedly spoke of Gillespie as his then attorney ; he said that Judge Lipscomb had been employed and that Gillespie had attended to the cases for him.   Smith repeatedly expressed himself gratified that Gillespie was attending to the case then instead of Lipscomb.   The record shows that Gillespie argued the cases after Lipscomb became Associate Justice, and that the questions involved in the suits concerning the lands mentioned in the contract are still pending and undecided.

The defendant objected to all the evidence offered in relation to the professional services rendered by Gillespie, or tending to show that the services of Gillespie were substituted for the services of Lipscomb, with the consent of Smith, or showing that Gillespie had been discharged by Smith from the further management of his cases as attorney.

I have stated thus much of the pleadings and the evidence, in order that the view I take may be properly understood.

The demurrer might well be overruled, because the services of Lipscomb, as stipulated in the contract, not being conditions precedent to the payment of the five thousand dollars, but in contemplation of the parties, might be required long after the time specified for the payment of the money had elapsed, there was no necessity that he should allege performance on his part.   The averment that he had performed his part of the contract, or that certain facts existed which discharged him from the performance, only became necessary when the defendant filed his answer, alleging that he had failed to perform his part of the contract, and setting up the fact that by his voluntary act in accepting the office of Associate Justice ot the Supreme Court, he had placed it out of his power to comply with his part of the contract.   The plaintiff

then either by way of replication or of amendment to his petition, should have averred every material fact necessary to destroy or evade the force of the defendant's answer.

In this case no such replication or amended petition was filed. And the only allegation in the petition, under which evidence could be introduced to destroy the effects of the defence set up, is the allegation in the petition that " Lipscomb has done or caused to be done all and everything incumbent on him to do under the contract to entitle him to the sum demanded." This averment I do not think sufficient to admit evidence to show that the services of Gillespie were substituted with the consent of Smith for the services of Lipscomb, to carry out the contract, or to show that Smith had discharged Gillespie from the further management of his cases as attorney. In Paul v. Perez, 7 Tex. R., Justice Lipscomb says: " The " principle that the allegation must be broad enough to admit " all the necessary proof, and that every material fact must be " alleged, has been often decided by this Court, first solemly " adjudicated in Mims v. Mitchell, 1 Tex. R. 443, and sus- " tained by an unbroken train of decisions from that time " down to the present. See Coles v. Kelsey, 2 Tex. R. 541; " Caldwell v. Haley, 3 Tex. R. 317; and, if there was proof " without such allegation, it should be disregarded. Republic " v. Frost Thorn, 3 Tex. R. 499; Wright v. Wright, 3 Tex. " R. 168; Carter and Hunt v. Wallace, 2 Tex. R. 206."

In this case Lipscomb had voluntarily accepted the office of Associate Justice of the Supreme Court on the 2d of March, 1846, thereby placing it out of his power to perform his part of the contract, and equally out of his power to appoint an attorney to represent him in the Courts to save his contracts, because the attorney could only represent him, and he could not appear as attorney in any Court. The suits in reference to which Lipscomb's professional services were then stipulated for, in the contract, were and are still pending. Most of the services, as shown by the testimony, were rendered by Gillespie subsequent to the appointment of Lipscomb as Associate Jus-

tice; and after Gillespie had rendered important services, he was discharged by Smith. Test the admissibility of these facts under the above allegation, by the rules laid down in the case of Paul v. Perez, and the other cases cited. Are they admissible? The fact that the professional services of Gillespie were substituted for those of Lipscomb would import a change in the contract which would require the consent of Smith. There is no allegation of the substitution or that Smith consented to it. Lipscomb, without having performed the services stipulated for in the contract, by accepting the office of Associate Judge, by his own act placed it out of his power to comply with his contract, and by that act released Smith from his part of the obligation to pay the sum stipulated, if he was disposed to abandon the contract. If Lipscomb had received the entire sum mentioned in the contract as the several sums became due, and he had before the performance of his part of the contract accepted the office of Associate Judge, and thereby rendered it impossible for him to comply with his part of the contract, Smith would have had a right to recover the money back to the extent of the damage he might sustain by reason of Lipscomb's failing to attend to the business in compliance with his part of the obligation as agreed in the contract. Has it ever been held that under an allegation of performance, a party might prove an excuse for not performing? Facts totally distinct and variant from each other. Where performance is averred, excuse for not performing cannot be given in evidence. (3 Monr., 404; 5 Monr., 373; 1 J. J. Marsh. 489; 5 Lit. 196.) The discharge of Gillespie, then, if he had been substituted for Lipscomb, could not be given in evidence under the allegation " that plaintiff had done or caused to be done everything required by the contract." In this case it was impossible for Lipscomb to comply with his contract; he could not substitute Gillespie's services for his own in order to avoid liability to Smith, without the consent of Smith, with the concurrence of Gillespie; he could no longer act as attorney, and if Gillespie with the consent of Smith and Lipscomb was sub-

stituted to carry out the contract, all connection between Lipscomb and Smith as attorney and client was at an end, and I do not well see how he could recover on the contract. And if he could recover anything upon the ground that the contract was divisible, as is said in Baird v. Ratcliff, 10 Tex. R. 81, it could only be for such services as he had rendered before his acceptance of the office of Associate Judge. The case of Baird v. Ratliff, I believe to be decisive of this case, and to affirm the judgment in this case would be to overrule that; which I am not inclined to do, as I am not prepared to depart from the opinion of the Court delivered in that case. I think the Court erred in admitting the evidence objected to by the defendant, and that the judgment of the Court is not sustained by the law and the evidence and should therefore be reversed.