**LEWISVILLE NATIONAL BANK,**
**Appellant,**

v.

**Robert W. AMIS, Appellee.**

**No. 17079.**

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 16, 1970.

Rehearing Denied Feb. 13, 1970.

James G. Clement, Irving, for appellant.

Coleman, Whitten & Philips, William P. Philips, Jr., and Earl L. Coleman, Denton, for appellee.

## OPINION

MASSEY, Chief Justice.

Suit was by plaintiff Robert W. Amis, an attorney, for attorney's fees allegedly due under contract, plus attorney's fees for the prosecution of suit to recover same. Defendant was the Lewisville National Bank which the plaintiff claimed was obligated to pay him a contractual amount for his services. Judgment was for the plaintiff and the defendant appealed.

Affirmed.

Two points of error are presented. By one it is contended that the affirmative answer returned by the jury to the question posed by Special Issue No. 1 was contrary to the great weight and preponderance of the evidence. By the other the same contention is made to the affirmative answer to the question posed by Special Issue No. 2.

Special Issue No. 1 read: "Do you find from a preponderance of the evidence that the Lewisville National Bank employed the Plaintiff Robert W. Amis to collect the notes of Roy Perry, deceased, agreeing to pay Amis a contingent fee of 25 per cent of the amount recovered on such notes?"

Special Issue No. 2 read: "Do you find from a preponderance of the evidence that the plaintiff completed his agreement, if any, to collect the amounts owed defendant by the estate of Roy Perry, deceased?"

■ We have reviewed the record contained in the statement of facts. We overrule, without discussion, the contention that to find that there was such a contract of employment was contrary to the great weight and preponderance of the evidence.

■ We likewise overrule the contention that to find that the plaintiff completed his agreement to collect the amounts owed by the Perry Estate would be to find against the great weight and preponderance of the evidence. A discussion is required.

Under plaintiff's contract with the defendant bank claim was filed against the Perry Estate in the Probate Court. Claim was for $13,687.78, plus attorney's fees as provided by the notes upon which the claim was based in the additional amount of $3,421.94.

In view of the constructive denial of the claim by reason of the fact that no action honoring it was taken within the prescribed period, plaintiff filed suit in the District Court against the independent executrix of the Perry Estate. Said independent executrix decided to take advantage of the statutory provision of the appropriate section of the Texas Probate Code which recites that an independent executor (executrix) shall not be required to plead to any suit brought against him (her) until one year from the date of the probate of the will appointing him (her). See Texas Probate Code, Ch. 6, "Independent Administration", Sec. 147, "Enforcement of Claims by Suit", V.A.T.S. She filed a motion for an order suspending and abat-

ing the cause and further prosecution thereof until after one year from December 27, 1965, the date of the probate of the will of the deceased.

A result thereof was the impossibility to go forward with legal prosecution of the case, though attempts at settlement of the claim were not inhibited. There were such attempts, but they proved fruitless. Plaintiff and defendant, feeling secure in their claim and that legal interest accruing was satisfactory, decided to delay conclusion of the matter until after December 28, 1966.

In the latter half of 1966 plaintiff decided to move his office from Texas into Oklahoma. He retained the suit against the Perry Estate with agreement of the defendant. After his move he received no new business of the defendant.

The defendant thereafter made arrangements with another law firm to act as its general counsel and in other instances where an attorney was needed. A dispute arose between plaintiff and defendant relative to whether their contract was as found by the jury in answer to Special Issue No. 1, as set out hereinabove. This dispute was unresolved.

Without notice to plaintiff the law firm acting as general counsel for the bank interested itself in the pending suit against the Perry Estate to the extent of entering into conversations with the attorney for the Estate concerning amicable settlement.

On January 23, 1967, in response to pleadings of the Perry Estate, plaintiff filed an amended petition as the latest pleading in the case. He was then the attorney of record, and the only attorney of record, representing the defendant in its suit against the Estate.

In this state of the record other attorneys, representing themselves as counsel for the defendant, appeared before the District Court. They presented an Order to the court requesting dismissal of the suit "with prejudice". As reason therefor it was represented to the court that all matters in dispute had been satisfactorily settled.

An Order was entered by the court in accord and the case was dismissed. Of the foregoing the plaintiff had no notice or knowledge. He continued to be the only attorney of record. This fact was not brought to the attention of the court until a later date. Nothing in connection herewith involved any negligence or improper action on the part of the court. Its action was like unto that which would have been taken by any other court under similar circumstances.

Under the settlement made of the case there was obvious waiver of the bank's right to collect the attorney's fees provided by the notes evidencing the Perry indebtedness. Plaintiff concluded that it would be wise to ratify and approve the settlement and the action of the attorneys who made the settlement and to proceed by suit against the defendant to collect his contractual contingent fee.

There was a completion of the collection made of and from the Perry Estate. Plaintiff could have effected such completion, and he undoubtedly had the right so to do. He, himself, did not effect it for it was accomplished by another, or others, whose act (already ratified, if not expressly ordered, by the defendant) he ratified and confirmed and adopted as though performed in his behalf as the attorney for the defendant. Under these circumstances an acceptable theory under which an award would be properly made to plaintiff would be on the premise that he had completed his agreement to perform, and the jury's affirmative finding in answer to Special Issue No. 2 was not contrary to the great weight and preponderance of the evidence.

In any event it was shown that the prevention of performance by plaintiff, in person rather than by agency of another in his behalf, was the act of the defendant bank. Though technically considered as a breach the distinction to be made is not material as plaintiff would in either event

be entitled to the same amount for accomplishment of the result upon which the parties had contracted. That would be so because his prior effort was the effective cause.

In connection with the foregoing see Restatement of the Law, Agency, Ch. 4, "Ratification", all section; Sec. 434, "Duty Not to Interfere with Agent's Work"; Sec. 445, "Compensation Dependent upon Specified Result"; Sec. 454, "Revocation in Bad Faith of Offer of Compensation"; 7 Tex.Jur.2d, p. 176, "Attorneys at Law", Sec. 113, "Discharge of attorney by client", and cases cited thereunder, in particular remarks in the case of Smith v. Lipscomb, 13 Tex. 532 (1855) upon applicable law in instances where one attorney acts for another in behalf of a client principal with the client's agreement or ratification that such be done under original contract. The case arose as result of Judge Abner Lipscomb's appointment to the Supreme Court of Texas.

Judgment is affirmed.