## Prescott *versus* Otterstatter.

1. A tenant in possession agreed to take a lease of the premises for another year, if the landlord would make certain repairs and additions, which he agreed to do. The tenant refused to pay rent because the landlord had not repaired and made the additions. The landlord distrained, and in an action of replevin it was *held*, that if the tenant held and enjoyed the demised premises, the covenants on the part of the landlord to repair and make additions were minor and subordinate and did not go to the essence of the contract so as to defeat the rent *in toto*, that he was not discharged from liability to pay the rent unless the building was worthless for the purpose for which it was rented without such additions and improvements, and if any damages had occurred to the tenant by reason of such non-performance on the part of the landlord the tenant is entitled to have them deducted from the rent due, and if in excess to a verdict.

2. Although plaintiff had paid the fees of some of defendant's witnesses, defendant notwithstanding was entitled to have them taxed as part of the costs of the suit.

3. The Act of March 21st 1772, relating to double costs is penal, and should be strictly construed, and where the judgment is co-extensive with the avowry, that is the full amount claimed by the landlord, it carries double costs. The verdict in these cases being for less than the amount claimed and interest thereon defendant was not entitled to double costs.

November 19th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1877, Nos. 116, 117, 118, 119, 120, 121, 122 and 123.

These were actions of replevin. The plaintiff in error, who was the plaintiff below, occupied a three-story building in Meadville, known as the National Hotel. He declined to renew his lease for another year, unless the landlord, defendant in error, would build an additional story to extend fifty feet from the west end of it, and would tear down the old porches and make hall-ways. This he agreed to do, and a lease containing the agreement was executed. By the construction of the porches, more convenient access would have been made to the rooms, and by that of the addition, ten new bed-chambers would have been added to the house. Plaintiff below claimed

[Prescott *v.* Otterstatter.]

that defendant below had failed to erect the additional story, as he agreed to do, and had simply erected a mansard roof; that the porches were not torn down but boarded in, permitting the rain and snow to beat in as usual. That what the defendant did was done so carelessly as to deprive plaintiff of three months' use of the house. The plaintiff paid two months' rent, as it became due, and refused to pay any more until defendant complied with his agreement. The defendant issued several landlord warrants and seized goods of plaintiff, who issued the several replevins in these cases. The same evidence was given in each case, the same points presented to the court, and the same rulings.

In taxing the costs, the court, on motion, doubled defendant's bill of costs, under the Act of Assembly of March 21st 1772.

The court below affirmed plaintiff's first point, to wit: that " as the consideration of the lease given in evidence is simple, the contract is entire," and said, " the covenant by first party to ' erect an additional story on said building, with rooms, and to extend fifty feet, beginning at the west end of said hotel, the old porches to be taken down and converted into proper hall-ways,' did not enter into the essence of the contract, and to the whole of the consideration so as to defeat the rent *in toto*, in case Prescott took possession of the demised premises and continued in the enjoyment of the same."

The court below answered the following points of plaintiff below in the negative:—

3. That if the jury believe Otterstatter failed and refused to perform his contract to erect the additional story with rooms, and to take down the old porches, and to convert them into proper hall-ways, he cannot recover in this case unless he satisfies the jury that performance upon his part was prevented or waived by Prescott, the plaintiff.

4. That if the jury believe, from the evidence, that the work shown to have been done by Otterstatter's direction was defective, negligent and a worthless performance, it is in law non-performance, and is to be treated as in fact it is, no performance or part performance whatever, and he cannot recover any portion of the rent claimed, unless performance was prevented or waived by Prescott.

5. That as the contract in this case is entire, if the evidence shows that Otterstatter's pretended performance of his covenants for improvements was utterly worthless and useless, Otterstatter cannot recover rent, and the verdict should be for plaintiff.

The 7th point of the plaintiff below was as follows:

That if the jury find, from the evidence, that the plaintiff's consent to the lease of the 31st of March 1873, was obtained by defendant's, Otterstatter's, promise and undertaking, embodied and expressed in said lease, " to erect an additional story over the

[Prescott *v.* Otterstatter.]

building, with rooms, to extend fifty feet, beginning at the west end of said hotel, and the old porches to be taken down and converted into proper hall-ways," and that the defendant, Otterstatter, after the execution of the lease, failed and refused to make such additions and alteration, the plaintiff, Prescott, is entitled to ᵒa verdict in this case.

The court below answered this point in the negative, and said :—

"The fact as assumed authorized Prescott to rescind the contract. If he did not, and held the premises under his lease, he is not entitled to a verdict discharging him from all the rent, unless the premises, for the purpose for which leased, were worthless without such additions and alterations. Though damages may be deducted from the rent, and if equal to all the rent, or in excess thereof, Prescott is entitled to a verdict."

Verdict having been rendered for defendant below, the plaintiff below took this writ of error, and assigned for error the answers to the points above, and also the overruling plaintiff's exceptions to prothonotary's re-taxation of costs, and in granting defendant's motion for double costs.

*J. B. Brawley*, for plaintiff in error.—The contract was an entire contract : McClurg *v.* Price & Sims, 9 P. F. Smith 420 ; Leishman *v.* White, 1 Allen 489 ; Shumway *v.* Collins, 6 Gray 232 ; 1 Wash. on Real Property 345. If an entire contract, defendant below was not entitled to recover any rent, unless complete performance has been prevented or waived by plaintiff below : McClurg *v.* Price & Sims, 9 P. F. Smith 420 ; Shaw *v.* Turnpike Company, 2 P. & W. 454 ; Harris *v.* Ligget, 1 W. & S. 301 ; Martin *v.* Schoenberger, 8 Id. 367 ; Leishman *v.* White *et al.,* 1 Allen 489 ; Shumway *v.* Collins, 6 Gray 232.

The work was defectively done, and this was in law no performance : Miller *v.* Phillips, 7 Casey 223. The plaintiff paid the fees for certain witnesses. Defendant's fees for the same witnesses should not have been included in defendant's bill of costs : Batdorff *v.* Eckert, 3 Barr 268 ; Curtis *v.* Buzzard, 15 S & R. 22 ; Horner *v.* Harrington, 6 Watts 336. While under the strict letter of the Act of March 21st 1872, defendant was entitled to double costs, yet, under the true spirit and meaning of that act he would not be entitled to them; but if entitled, he can only claim for expenses actually incurred, and not for fees not paid and for which he was not liable : Musser *v.* Good, 11 S. & R. 248.

*Pearson Church* and *W. R. Bole*, for defendants in error.—The questions raised in these cases were all ruled and settled in Prescott *v.* Otterstatter, 29 P. F. Smith 462: As to costs, the Act of March 21st 1772, sect. 10, 1 Sm. Laws 372, 2 Purd. Dig. 1265, is plain and was followed by the court. After providing that the defendant in a

replevin may aver for rent in arrear and make conusance gene-
rally, &c., it then provides "and if the plaintiff or plaintiffs in
such action shall become nonsuit, discontinue his, her, or their
action, or have judgment given against him, her, or them, the
defendant or defendants in such replevin, shall recover double
costs of suit."

Mr. Justice STERRETT delivered the opinion of the court, Janu-
ary 7th 1878.

The first six assignments of error refer to the instructions given
in the general charge, and in answer to points submitted in relation
to the right of the landlord to recover rent without having com-
pleted the improvements he covenanted to make, according to the
terms of the lease.   It is unnecessary to consider them *seriatim*.
Taking some of them singly and alone, they might perhaps be sus-
tained, but when considered in connection with the general charge
and the leading facts of the case as therein stated, we are satisfied
that the learned judge was correct, and that the case was fairly
and properly submitted to the jury.   They were instructed, inter
alia, that if the tenant held and enjoyed the demised premises, the
covenants on the part of the landlord to repair and make additions
were minor and subordinate, and did not go to the essence of the
contract so as to defeat the rent *in toto ;* that he was not entitled
to a verdict discharging him from all the rent, unless the premises,
for the purposes for which they were leased, were worthless without
such additions and alterations ; that whatever damages the tenant
sustained by reason of the landlord failing to perform his cove-
nants might be deducted from the rent, and if these were equal to
the entire rent, or in excess thereof, the tenant was entitled to a
verdict.

We have not been furnished with the testimony in full, but in
view of the facts as we gather them from the charge of the court,
these instructions were substantially correct.   The principle recog-
nised in Obermeyer *v.* Nichols, 6 Binn. 159, has never been de-
parted from in this state.   That was an action of covenant for
rent due on a lease in which the landlord had covenanted to make
improvements.   The court below charged the jury that the cove-
nants on the part of the landlord were minor and subordinate, and
that the damages for their non-performance could be defalked
against the rent.   Chief Justice TILGHMAN, in delivering the
opinion of this court, said it was for the court to construe the lease
and decide whether the covenants to be performed by the landlord
were of such a nature that, without the performance of them, there
was no obligation to pay the rent or any part of it, and that the
ruling of the court below was right, for the reasons that the entry
of the tenant was to precede the acts to be performed by the land-
lord, and it was evident that the former would enjoy a considerable

[Prescott *v.* Otterstatter.]

benefit from the lease independent of those acts, and that full justice was done, therefore, to the tenant when it was left to the jury to take into consideration the non-performance of the covenants, and deduct from the rent the amount of the injury which the tenant had sustained.  Recognising the authority of the case, the learned judge very appropriately said: "Every man's feelings would revolt at the doctrine that a tenant should be suffered to occupy and enjoy the demised premises for a whole. year without making any compensation to the owner, on the ground that he did not make some trifling repairs according to the contract.  All that the tenant ought to be allowed in such a case, is such a sum out of the rent as would be full amends for the loss and inconvenience he had been subject to by reason of the failure to complete such repairs, but not·to be discharged absolutely from all liability to his landlord."

The case, in its different phases, as presented by the testimony, was fairly submitted to the jury, and, considering the charge as a ·whole, including the answer to points submitted, the plaintiff in error has no just ground of complaint.

We discover no error in the ruling of the court as to the taxation of costs.  In settling with and paying some of the defendant's witnesses the plaintiff was a mere volunteer.  It was the business of the defendant to pay his own witnesses.  He was responsible to them for their *per diem* fees and mileage, and he had a right to have these taxed as part of his costs in the case.  If the practice were sanctioned for either party to settle with the witnesses of his adversary, the latter as well as the court would be drawn into unnecessary controversy and trouble in the taxation of costs.  If such payment of witnesses and the production of their receipts were permitted to defeat taxation the winning party might be defrauded of his rights when he, himself, has paid his witnesses, or when double or treble costs are given by law.  Such difficulties can be best avoided by recognising and enforcing, as the court did in this case, the right of each party to attend to his own affairs.  As remarked by the court, in a proper case, when receipts of witnesses are filed by the losing party the court would so control the execution that the fees so paid should not be collected.  This would be quite as full a measure of relief as a mere volunteer is entitled to.

The only remaining question is as to double costs under the Act of March 21st 1772, which provides that the defendant in replevin may avow and make conusance generally that the plaintiff enjoyed the land under a grant or demise at a certain rent; that the rent distrained for had accrued and *was then and still remains due,* &c.; and if the plaintiff or plaintiffs, in such action, shall become nonsuit, discontinue his, her or their action, or have judgment given against her, him or them, the defendant or defendants in such replevin shall recover double costs of suit.  This act is penal in its nature and should be strictly construed.  Its purpose was doubtless

[Prescott *v.* Otterstatter.]

to prevent vexatious resistance to the collection of rent, but was it intended to give the landlord double costs in cases where he distrains for more rent than he is entitled to ?  When the plaintiff suffers a nonsuit, or discontinues, he thereby virtually admits that his resistance has been vexatious.  So too, when the jury find, in favor of the defendant, the full amount of rent, specified in the avowry, the verdict impliedly convicts the plaintiff of vexatious litigation ; but, not so when they find less.  The plaintiff is then partially successful, and the verdict establishes the fact that the distress was excessive, and to that extent, at least, resistance was justifiable.  It is true the act, in general terms, gives double costs when judgment is given against the plaintiff ; but, judgment for for what ?  Does it mean judgment for a mere fraction of the amount claimed by the landlord ; or, is it not rather to be understood a judgment for the sum specified in the avowry ?

As was said in Waltman *v.* Allison, 10 Barr 464, the rent due at the time of the distress must, according to the requirement of the statute, be specifically set out in the avowry.  And is it not reasonable to infer that, in speaking in the same connection of judgment against the plaintiff, it means judgment for the amount so specified—the same that it would be in the case of a nonsuit ?  Keeping in view the object of the act, its penal character, and construing it strictly, no violence is done to the language employed by holding that a judgment to carry double costs must be co-extensive with the avowry ; in other words, for the full amount claimed by the landlord, defendant.  It is stated in the plaintiff's history of the case, that he " obtained a verdict in one of the first cases, and the defendant a verdict in each of the others, although the rent allowed him was much less than he avowed for, the jury, in each case, allowing the plaintiff damages for the defendant's breach of the covenants of his lease."  This statement appears to be sustained by the record, the verdict in each case being less than the amount claimed and interest thereon, though, in some of the cases, the difference is but little.  In view of this, we are of opinion that, under a proper construction of the act, the plaintiff was not liable to double costs.  He resisted successfully, in part at least, a distress which the verdict proves to have been excessive.

> The order of the court directing the taxation of double costs to the defendant is reversed and set aside, and the judgment is affirmed with single costs.

Mercur, Gordon and Woodward, JJ., dissent from so much of this judgment as reverses the order for the taxation of double costs.