## NATIONAL LIFE & ACCIDENT INS. CO. v. VALDEZ.   (No. 7877.)

Court of Civil Appeals of Texas.   San Antonio.
Jan. 18, 1928.

Rehearing Denied March 14, 1928.

Insurance ⬅➡392(8)—Agent's acceptance of premiums on life policy after notice of insured's injury, held waiver of defense that insured be in good health.

Where application for insurance was made, and. shortly thereafter insured received an injury, from which she subsequently died, and insurer's agent, after being informed of injury and that insured was in hospital, accepted weekly premiums, *held,* that defense that insured was not in good health when policy was delivered was waived.

Error from Guadalupe County Court; J. B. Williams, Judge.

Suit by Celia Valdez against the National Life & Accident Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

G. Woodson Morris, of San Antonio, for plaintiff in error.

Dibrell & Mosheim and P. E. Campbell, all of Seguin, for defendant in error.

COBBS, J.   This suit was filed by defendant in error to recover of plaintiff in error on an insurance ·policy issued on the life of ,Fernanda Lara, for the principal sum of $500, with 12 per cent. liquidated damages and $100 attorney's fees, alleged to be a reasonable charge, and for costs. The defense pleaded that the answers of the insured in respect to her health on the 12th day of April, 1926, the date of the written application, were false; that the policy was not delivered until the 26th day of April, 1926, which provided that the insured should be in good health when delivered, or it would not be delivered.

Defendant in error has filed a strong motion urging us not to consider plaintiff in error's brief, because it violates the rules of the court in respect to good briefing. Since we have reached the conclusion, in sustaining such a motion, we would be required to affirm the case, we have concluded not to act on the motion, but give our reasons, briefly, for affirming the case.

Insured was. in perfectly good health when the application was made.   At the time of the application for insurance there was attached to the application a written obligation on the part of the plaintiff in error, which was by it detached and delivered to the insured, providing specifically that, in consideration of the payment in advance of four weekly premiums, insured would be protected, even though death occurred prior to the delivery of the policy.

Thereafter, on or about the 20th day of August, 1926, Fernanda Lara died in the hospital.   Her death resulted from injuries accidentally received shortly after the application for insurance; by reason of carrying upon her shoulder a sack of cotton seed, and playing with her sister, she fell and injured her back by coming in contact with a mesquite log.   She ,was taken to the hospital to be cared for, but died on the date stated above.   After defendant in error had informed the agent that the insured had received an injury and was in the hospital, the sum of 20 cents, the premium due on that day, was paid, and defendant in error had paid to said agent premiums of 20 cents each, on May 10th, 17th, 24th and 31st, June 14th, 22d, 28th, July 5th, 12th, 19th, 26th, and August 2d, 9th and 16th.

We think that, if there is anything in plaintiff in error's defense on the issue, the facts show a clear waiver on its part. It collected 17 weekly payments of the premiums at the time the policy was delivered, and the agent received the notice, as stated above, and he collected the premuim and never at any time made any tender of the premiums that had been paid, except, as he states, after the insured had died, and the plaintiff in error had refused to pay the claim, on the theory that the policy was delivered when the insured was in unsound health.

No valid error is assigned, or properly presented, that should cause a reversal of the judgment, and it is affirmed.

SMITH, J.   I concur in the result, but only upon the ground that the record presents no fundamental errors, and those urged are not properly assigned.