GRAHAM HOTEL CO. et al. v. GARRETT et al.

No. 2443.

Court of Civil Appeals of Texas. El Paso.

Oct. 16, 1930.

Rehearing Denied Dec. 4, 1930.

W. H. Graham, of Houston, and J. Lee Bilberry, of Barstow, for appellants.

L. A. Dale and H. G. Russell, both of Pecos, for appellees.

**WALTHALL, J.**

This suit was brought by the appellant Graham Hotel Company, a corporation, on May 16, 1929, against the appellees, Earl E. Garrett and the Denison Barber Supply Company, a corporation, to recover a personal judgment against Garrett for unpaid rent and the foreclosure of a contract lien and statutory landlord's lien on personal chattels owned by Garrett, and to fix and have a foreclosure of a contract and statutory landlord's lien on certain other chattels on which the Denison Barber Supply Company held a chattel mortgage fixed thereon by said Garrett.

The record and briefs filed in this court are voluminous, but, briefly stated, the basic facts show substantially the following: On October 19, 1928, the Graham Hotel Company owned and was then erecting, but had not finished, a hotel building in Pecos, Tex., and on that date entered into a written lease contract with appellee Garrett, a barber, for space in the hotel building for the purpose of a barber shop, for the period of one year; the lease period to begin when the premises were ready for occupancy, Garrett actually occupying the space beginning on November 15, 1928. Garrett agreed to an annual rental of $900, payable in monthly payments, in advance, of $75. At the time of entering into the rental contract Garrett paid $75 to be applied on the last month's rent of the year. The lease contract, among other things, provides that Garrett shall have the right to install into said building and space all necessary barber fixtures and equipment suitable for the conduct of his business, but such fixtures shall be installed at his own cost and expense and to remove same at the termination of the lease; that the lessor "shall furnish steam heat in cold weather as well as hot water and cold water, without extra cost to the lessee." The lease contract provides that:

"The lessor shall have and the lessee here now gives and grants unto the lessor a landlord's lien on all fixtures and equipment placed in said building and space by lessee as security for the payment of the rentals herein provided for, * * * but said lien shall be inferior to any lien on said fixtures for purchase money due thereon at the time said fixtures and equipment goes into said building or space."

On November 1, 1928, Garrett purchased of appellee Denison Barber Supply Company certain barber supply equipment to go into Garrett's barber shop at Pecos, Tex., for the recited consideration of $750, evidenced by twenty-four promissory notes of equal amounts, one payable on December 1, 1928, and one each month thereafter, payment secured by a chattel mortgage on the personal property sold. The mortgage instrument was placed of record in Reeves county on November 8, 1928, and the equipment sold placed in

Garrett's barber shop at some time prior to November 15, 1928, the beginning of the lease term, the exact time not made clear. Exclusive of the $75 paid by Garrett to be applied on the last month of the lease term, Garrett paid as rent $200, the last payment being made on February 7, 1929, in part payment for that month. Appellant filed this suit on May 16, 1929; sues for the unpaid amount of the $900, the total rental for the year; alleges that at the time of filing the suit Garrett was indebted to appellee for rent to June 1, 1929, in the sum of $325; states that it still retains the $75 paid and to be applied on the last month's rent.

On May 16th appellant duly caused a writ of sequestration to be issued and levied upon the personal property in the barber shop, consisting of the barber equipment involved in this controversy. Appellant Fidelity Union Casualty was the surety on the sequestration bond. Appellees not having replevied said property, appellant, with the same surety, replevied the property.

Appellant Graham Hotel Company pleaded the lease contract and its landlord's lien, specifying the personal property then in the barber shop, the occupancy of the space in the hotel building by Garrett, to May 20, 1929, and his failure to pay the monthly rental amounts to that time as they became due.

· Garrett answered by general denial, specially pleaded as defensive matter the lease contract, the terms of monthly rental payments, and especially as to conditions precedent to appellant's right to collect the rents. Appellant's obligation, as stated in the lease contract, to furnish steam heat and hot water, and its failure and refusal to do so, and that by reason of such failure and refusal he never at any time owed appellant any rent money or any deposit as rent, and that by reason thereof he was entitled to have all money paid as rent and the deposit of money returned to him, for all of which he prayed.

By way of cross-action Garrett pleaded the facts as above, and in addition reconvened in damages setting up the sequestration proceedings of appellant and the taking into his possession under such proceedings the personal effects of appellee in his barber shop, alleged that same was wrongful and that the grounds stated did not exist.

Appellee Denison Barber Supply Company answered by general denial and cross-action; alleged in substance its sale to Garrett of certain personal property stating the items, that such sale was on time payments evidenced by certain notes of Garrett, aggregating in amount $750, and secured by a chattel mortgage on said property sold, that the notes bear date November 1, 1928, and that the chattel mortgage was duly filed for record, and that its mortgage is superior to liens of appellant. The Denison Barber Supply Company pleaded the provision of the rental contract authorizing Garrett to create the lien, and that appellant is now estopped to question same; pleaded the seizure and sale under sequestration proceedings by appellant, and that by reason thereof a conversion of the property to its damage.

Appellant Fidelity Union Casualty Company adopted the answer of the Graham Hotel Company, says it is only a surety on the replevin bond of the Graham Hotel Company, and prays that if judgment is rendered against it that it have judgment over against its principal.

Graham Hotel Company joined issues with appellees in the several matters pleaded by them, more fully referred to in discussing the several assignments.

The case was submitted to a jury on special issues. The jury found, in substance:

1. Appellant contracted at the time of the lease to furnish Garrett with hot water and steam heat for the barber shop.

2. That it did not do so.

3. Garrett did not waive the provision in the contract for steam heat.

4 and 5. Garrett, in the operation of the barber shop, suffered damages in the sum of $750 by reason of the failure of appellant to furnish hot water and steam heat.

6. Garrett was not negligent in the conduct of his business in not installing at his own expense equipment necessary for furnishing hot water and heat for the operation of his barber shop.

7. Garrett was not financially able to equip said barber shop with equipment necessary to furnish an adequate supply of hot water and heat for the operation of the barber shop.

8. The reasonable rental value per month in Pecos, Tex., of the barber shop fixtures and supplies in question that were under mortgage from May 20, 1929, to December 4, 1929, was $35; the reasonable rental value per month in Pecos, Tex., from May 20, 1929, to December 4, 1929, of the barber shop fixtures and furniture that were not under mortgage, was $3.50.

The jury found as to the reasonable value on May 16, 1929, at Pecos, Tex., of each of the items of personal property sold by appellee Denison Barber Supply Company to Garrett.

The court entered judgment substantially as follows: The Graham Hotel Company take nothing as to its suit against Garrett. Judgment in favor of Garrett in his cross-action and against the Graham Hotel Company in the sum of $750, damages sustained by Garrett by reason of the failure of Graham Hotel Company to furnish hot water and steam heat; also in favor of Garrett and against the Graham Hotel Company in the sum of $79.50, being the sum deposited as

payment on the last rental month, and interest thereon; also in favor of Garrett, and against the Graham Hotel Company, and the Union Casualty Company in the sum of $250, the value of personal property not under mortgage or other lien; also against each of appellants in the sum of $226.13, the reasonable rental value of the mortgaged property taken under sequestration.

Judgment was entered in favor of the surety company over against its principal for whatever it might be required to pay by reason of its suretyship.

Judgment in the sum of $763.70 in favor of the Denison Barber Supply Company against Garrett, with foreclosure of its lien on the personal property covered by its mortgage as against Garrett and the Graham Hotel Company.

The court overruled appellant's motion for a new trial, to which appellants duly excepted and perfected this appeal.

### Opinion.

The matters complained of and presented here affect the appellant Graham Hotel Company, solely, and we will refer to it solely as appellant in this opinion unless otherwise indicated.

Appellant submits that the evidence was insufficient to show that Garrett sustained damages in loss of profits by reason of the failure of appellant to furnish steam heat and hot water, or either, for use in the operation of his barber shop; the evidence being too vague, indefinite, speculative, and remote.

Under other propositions appellant submits that the measure of damages for the breach of the covenant to furnish steam heat and hot water would be the difference between contract price of the rental as contracted, and the value of the leased premises without heat and hot water; that there being no evidence as to the value of the lease, the court should have instructed the jury for appellant as requested. We think we may consider these propositions together.

■ The evidence is lengthy and by a number of witnesses, is without controversy, and is to the effect that hot water and steam heat were not furnished by appellant for use in the operation of the barber shop; that a barber shop could not be successfully operated at the season of the year involved here without a supply of heat and hot water. It could serve no useful purpose to quote the evidence at length. The evidence shows that the barber shop started with a daily receipt of about $23; that shortly thereafter the receipts were reduced to about $12 and later to $8; that about 40 per cent. of the shop's customers quit the shop on account of the shop not having heat and hot water. The evidence shows that Garrett was constantly complaining to the Graham Hotel Company management on account of the failure to furnish steam heat and hot water. There is no evidence in the record, as we view it, to show a waiver on the part of Garrett to have steam heat and hot water furnished to him for the barber shop as stipulated in the lease contract. The rule seems to be general that damages for loss of profits are allowable where the basis or data for ascertaining them is reasonably certain. Especially is that true where the loss of profits, from the loss of patronage of the barber shop, is a natural and proximate result of a breach of the contract complained of. The intention of parties to a contract when ascertained is the law by which their rights are determined. Appellant contracted to furnish heat in cold weather and hot water for use of the barber shop. The evidence is clear that it did not do so. The record does not show that Garrett was at fault in the slightest degree as a cause for failure to furnish heat and hot water, or in the loss of patronage. It seems to us that a failure of patronage of a barber shop without heat or hot water in cold weather would follow as a natural result. But several witnesses testified that they had patronized Garrett's shop, and quit because his shop had no heat or hot water, and so informed Garrett, and that they would return when he had secured heat and hot water.

■ The evidence is also clear that a barber shop cannot be successfully operated without heat and hot water. A reasonable ascertainment of the cause and loss, or damages, and its value, is all that the law requires. Here the cause of the loss is sufficiently specific and definite. The uncertainty is as to the amount. Garrett apparently kept no books as to his daily receipts. The generally accepted rule is that where it is shown that a loss of profits is the natural and probable consequence of the act or omission complained of, and their amount is shown with sufficient certainty, a recovery may be had therefor; but anticipated profits cannot be recovered where they depend upon uncertain and changing conditions. 17 C. J. p. 785, et seq.

■ It is not necessary that profits should be susceptible of exact calculation; it is sufficient if there be data from which they may be ascertained with a reasonable degree of certainty and exactness. American Construction Co. v. Caswell (Tex. Civ. App.) 141 S. W. 1013; Bagby v. Hodge (Tex. Civ. App.) 297 S. W. 882; 8 R. C. L. p. 503, par. 63. No hard and fast rule for ascertaining the profits for the loss of which a recovery may be had, can be laid down. It has often been said that when profits are spoken of as not recoverable, reference is generally had to the profits of dependent and collateral engagements or those contingent upon some future happenings, and

not the difference between the agreed price of something contracted for and its ascertainable value or cost. Here heat and hot water are written down as a basis of value for the use of the space for a barber shop. The value sought to be shown is that during the time the barber shop has already been occupied, and not in the future when conditions might be different. The facts from which proof of value of steam heat and hot water can be established, and the condition of the weather as cold or warm, are within the knowledge of all. Witnesses say they did not patronize the shop because the shop did not have heat and hot water. Garrett said he had twenty-five years' experience as a barber; had been proprietor of a barber shop most of his life; had experience in estimating, calculating, and determining from the line of patronage what a shop will pay; had run a shop in Pecos, the same town, for six months; had good barbers in his shop; had three chairs; knew the daily average of the receipts of the shop during the time he occupied the shop, and testified what they were; had talked with "lots of customers" in his shop and on the street, who had quit his shop because the shop had no heat and hot water. After reciting the above and other facts, Garrett said he was in a position to give a fair estimate of what the shop would have made if he had been given heat and hot water, and said: "In my opinion it would have been $200.00 per month. I mean I could have cleared $200.00 per month." He also said that his loss in patronage was 40 per cent. on account of lack of heat and hot water. The evidence refers to matters and things that had occurred within the knowledge of the witnesses, not what might happen in the future. We think the evidence was admissible and is sufficient to show the loss of profits. The evidence as to the cause of the loss is specific and definite, the lack of heat and hot water. The rule as to uncertainty relates to uncertainty as to cause, and not to uncertainty as to the measure or extent of the damages. South Chester Tube Co. v. Texhoma O. & R. Co. (Tex. Civ. App.) 264 S. W. 108, 111, and the cases there referred to. The law does not forbid the recovery of profits as a measure of damages. The question here is: would the loss of profits to Garrett be the direct result of the failure of the Graham Hotel Company to furnish heat and hot water to the barber shop, and would such loss reasonably be supposed to have entered into the contemplation of the parties at the time of entering into the rental contract. If profits became sufficiently certain, the loss the direct result of the failure to furnish heat and hot water, and the parties could reasonably contemplate such loss by a failure to furnish heat and hot water, then profits within the rule may be recovered as damages. Alamo Mills Co. v.

Hercules Iron Works, 1 Tex. Civ. App. 683, 22 S. W. 1097, 1099. Here the parties could, and no doubt did, contemplate that a barber shop, in cold weather, could not successfully operate without heat and hot water. That a loss of patronage would necessarily result. No contingency, or change of conditions, could arise under such contract that would make the loss uncertain, and none is suggested or shown. The proof is certain that a loss did result. In cases where damages are incapable of exact ascertainment, it is not necessary to place money estimate on the amount of the damages, the jury being allowed to use their own judgment and discretion. South Chester Tube Co. v. Texhoma O. & R. Co., supra; International & G. N. Ry. Co. v. Stewart. (Tex. Civ. App.) 101 S. W. 282; Gainsville, H. & W. Ry. Co. v. Lacy, 86 Tex. 244, 24 S. W. 269.

We have reviewed the cases referred to by appellant on the above proposition with much interest, and especially Brewington v. Loughran, 183 N. C. 558, 112 S. E. 257, 28 A. L. R. 1543, and Schmerhorn v. Sayles, 123 Wash. 139, 212 P. 156, barber shop cases. Space prevents a review here of the cases. The first cited, we think, is not sufficiently in point to have application here; the other is in point, but we think not in harmony with South Chester Tube Co. v. Texhoma O. & R. Co. Case, supra, and other cases therein referred to, in which it is held that the rule of uncertainty relates to uncertainty as to cause and not as to the measure of extent.

We have concluded that the evidence is such as to justify the submission of the issue of the loss of profits, and to sustain the finding and judgment.

Garrett's term of occupancy under the lease contract commenced with the 15th day of November. The evidence offered showed that Garrett went into possession and occupancy on the 11th of November. The court submitted the issue as to what amount of money if paid now in cash would reasonably compensate Garrett, for the damages suffered by him, if any, from November 11th. Garrett claimed damages from the 15th of November.

It is submitted that Garrett claimed damages from the 15th and that the issue was calculated to allow the jury to consider damages other than for loss of profits. The liability of appellant, if any, was from the 15th, the date of the contract, and the issue submitted should have been from that time. The court, however, submitted the issue in the event only that the jury had answered the next preceding issue in the affirmative; that is, that Garrett had suffered damages, loss of profits for failure of appellant to furnish heat and hot water.

Considering the two issues, we think the jury would not consider damages other than

loss of profits, and that the proposition does not present reversible error.

■ The statement of Garrett that if he had been furnished heat and hot water he would have made $200 net to himself, and the loss of 40 per cent. of his customers, does not seem to us to be an objectionable conclusion of the witness. Garrett had qualified, we think, to state such conclusion. The facts stated in qualifying had all occurred in the matters of this particular transaction; he had had years of experience in his own business of estimating the profits a barber shop should make under favorable circumstances. No objection was made to the evidence on the ground of lack of qualification of the witness. The evidence seems admissible and the weight of it was for the jury. The admissibility of the statement under the facts detailed by the witness in qualifying rests largely in the discretion of the trial court. No reversible error is presented. Other witnesses had testified to the reduction of the patronage of the shop, and for the same cause. The cause of the loss of profits was certainly specific and definite, and was as certainly within the contemplation of the parties in executing the contract that heat and hot water should be provided.

The jury found that Garrett was not negligent in not installing heat and hot water for the barber shop. The fact of negligence was within the province of the jury, and the evidence was sufficient to sustain the finding. The evidence shows that Garrett did make effort to have hot water, but his effort was not successful.

■ The court denied the appellant recovery for unpaid rents during the time Garrett occupied the space for his barber shop. That is assigned as error. Garrett occupied the space under the lease contract from the 15th day of February, 1929, until the 20th day of May, 1929, for which he paid no rent, at which time appellant closed the shop by sequestration proceedings. We sustain that assignment and the proposition thereunder.

Garrett in the lease contract agreed to pay $75 per month for the use of the space for his barber shop. Appellant sued for the unpaid monthly rentals for the time stated. Allowing appellant to retain the $75 and interest deposited on the last month's rent, appellant would be entitled to recover the unpaid amount due to, but not including, May 20th, two months and some four days. The rule seems to be well settled that while the tenant remains in possession he must pay the rent. The liability of Garrett for rent, and the liability of appellant for the damages, arise out of the privity of contract. Under the contract Garrett is as much liable for the rent as appellant is for failure to furnish heat and hot water. Each is a consideration for the other, and each is discharged by per-

formance, or release from performance, or eviction. Here Garrett had the right to remain in possession and pay the rent, and sue for his damages, or to surrender possession and avoid the rent while out of possession, and sue for his damages for the breach of covenant while in possession. 36 C. J. p. 337, § 1144, and cases in note; Selz v. Stafford, 284 Ill. 610, 120 N. E. 462; Prescott v. Otterstatter, 85 Pa. 534.

He chose the latter. Here there was no covenant in the lease, or by parol, which exempts either from liability; nor does the record show such acquiescence of either of nonperformance as to show a waiver of performance.

■ Was the appellant entitled to its contract lien and its landlord's lien, or either, on the barber shop equipment owned by Garrett, not including the equipment put in the barber shop by Denison Barber Supply Company? We think not. The lien is but an incident to the debt. The debt was extinguished by the judgment in favor of Garrett in excess of the amount due appellant for rent. As to the barber shop equipment placed in the shop by Denison Barber Supply Company, appellant waived its prior lien and for that it had none.

■ The court entered judgment that Denison Barber Supply Company recover of Garrett on its cross-action, its debt in the sum of $763.70, and that its mortgage lien on the property described be foreclosed; that the claim of appellant be barred as to said property, and directed the issuance of an order of sale as to said property; entered a deficiency judgment in favor of Denison Barber Supply Company, and that any excess be paid to Garrett. Appellant assigned error to the judgment on the ground that the jury made no finding of Garrett's debt to Denison Barber Supply Company, nor for a foreclosure of its lien; that the court having submitted the case to the jury on special issue, the court was not authorized to render such judgment against Garrett and appellant.

The court submitted to the jury the rental value of the barber shop equipment under mortgage and the value of the several items of said property, but did not submit the amount of Garrett's debt to Denison Barber Supply Company, and the jury made findings only on the issues submitted. Appellant in its original petition alleged the sale by Denison Barber Supply Company to Garrett of the barber shop equipment, the price to be paid therefor and when and how paid, the mortgage given by Garrett on said property to secure payment, and undertook to avoid the effect of the mortgage on the ground that same was not filed for record in time to be a prior lien to appellant's liens.

Denison Barber Supply Company answered admitted its sale of the property to Garrett

and its mortgage as pleaded by appellant, and asked judgment for its debt and foreclosure of its lien.

Garrett answered generally to appellant's suit, alleged that the Denison Barber Supply Company held a mortgage superior to appellant's claim, all parties pleaded the provisions of the Graham Hotel Company, and Garrett's lease contract.

In his motion for judgment. Garrett moved the court to enter judgment for the Denison Barber Supply Company as to his debt, and foreclosure of its mortgage. We think, under the facts pleaded, no error is made to appear. It was not necessary to submit to the jury to find the amount of Garrett's debt to Denison Barber Supply Company and it was not submitted. Under the pleadings of all parties and the uncontroverted evidence, Garrett owed the debt as pleaded and had given the mortgage to secure its payment. Only controverted issues of fact are submitted to the jury.

The only controversy between appellant and the Denison Barber Supply Company was as to the superiority of their respective liens. The trial court's judgment in addition to fixing the Denison Barber Supply Company's lien as superior to that of the Graham Hotel Company also directs the sale of the barber equipment sold to Garrett and the application of the proceeds, and directs that "if same be insufficient to pay such costs and this judgment in favor of said Denison Barber Supply Company that said Denison Barber Supply Company have execution for unpaid balance," and that any excess be paid to Garrett. The Denison Barber Supply Company in its brief concedes error in rendering personal judgment for the debt.

The lease contract provides that the lessor shall have a landlord's lien on all fixtures and equipment placed in said building and space by lessee as security for the payment of the rentals, and further provides: "But said lien shall be inferior to any lien on said fixtures for purchase money due thereon at the time said fixtures and equipment goes into said building or space."

The court was not in error in holding that the Denison Barber Supply Company's mortgage lien given it by Garrett to secure the purchase money of said fixtures and equipment, due thereon at the time the equipment went into the barber shop, was superior to appellant's liens. All of the elements of fact are present as provided in the lease contract that make appellant's liens inferior to the mortgage lien.

Judgment was rendered in favor of Garrett and against each of appellants for $250, as for conversion, for the value as found by the jury of the personal effects in the barber shop, and on which was no mortgage lien, and sequestrated by appellant. Without stating the evidence we think it sufficient to show a conversion of the property and its value.

We think the evidence sufficient to call for the submission to the jury of the rental value of the barber shop fixtures and equipment covered by the Denison Barber Supply Company mortgage. The proposition referring thereto is not sustained.

We have considered, though not discussed separately, all of the propositions presented as several of them are necessarily disposed of by those discussed.

The judgment of the trial court is modified as indicated as to the unpaid rent and as to the personal judgment against Garrett confessed by Denison Barber Supply Company; otherwise the case is affirmed.

Modified and, as modified, affirmed.