**TRADERS & GENERAL INSURANCE COMPANY, Appellant,**

v.

**Charles O. RANDOLPH, Appellee.**

**No. 8111.**

Court of Civil Appeals of Texas, Amarillo.

May 17, 1971.

Rehearing Denied June 7, 1971.

Gibson, Ochsner, Adkins, Harlan & Hankins, A. B. Hankins, Amarillo, for appellant.

Lovell, Lyle & Cobb, Dumas, Banner & McIntosh, Jack Banner, Wichita Falls, for appellee.

JOY, Justice.

This is a workmen's compensation case and upon trial to a jury, the plaintiff Randolph was granted judgment of total incapacity for 400 weeks. Defendant insurer, Traders & General Insurance Company, has taken this appeal. Affirmed.

Appellee Randolph, while employed by Dumas Welding Company, suffered injuries to his leg and lower back when a welding machine fell while appellee was attempting to maintain its balance upon a jack, causing appellee to fall or be thrown to the ground.

Appellant asserts as error the action of the trial court in overruling its Motion to Strike the Testimony of Dr. John Needham concerning his opinions and conclusions based upon x-rays that were not introduced into evidence. The x-rays were properly identified by the doctor and dis-

played to the jury without objection. Both counsel for the appellant and appellee examined the doctor in reference to the x-rays. After both parties to the suit had rested and closed their case, the appellant filed its Motion to Strike the Testimony. We are unable to detect in the record any reason for appellant's failure to object to appellee's failure to introduce the x-rays into evidence at the time the testimony was elicited from Dr. Needham. It is incumbent upon a party to timely lodge his objections to the admission of evidence and his failure to do so, without some justification or excuse, constitutes a waiver thereof. Had appellant timely objected, that is at the time of or before testimony pertaining to the x-rays was admitted, then appellee could have had the x-rays marked as exhibits and offered into evidence, subject to the ruling of the court. We know of no reason, nor has appellant suggested any, why the court would not have admitted the x-rays themselves into evidence which would have cured appellant's objections. Appellant points out an apparent conflict between Texas Employers' Insurance Association v. Crow, 221 S.W.2d 235, (Tex. Sup.Ct.1949) and Kollmorgan v. Scott, 447 S.W.2d 236 (Tex.Civ.App.—Houston 1969, n. w. h.). The Crow case held that x-rays are comparable to ordinary photographs while Kollmorgan indicates they are subject only to interpretation by experts trained in that particular field. We are not required to pass upon that question here in view of our holding that appellant's objections to the testimony as evidenced by its Motion to Strike came too late. See 3 Tex.Jur.2d, § 122, p. 392 and McCormick & Ray, Texas Law of Evidence, § 23, p. 21.

Appellant next attacks the action of the trial court in admitting the deposition testimony of Dr. Joe Frank Robberson over appellant's objection to certain leading questions. Appellant had caused the deposition of Dr. Robberson to be taken but upon the trial did not call the doctor to testify nor introduce any portion of his deposition. Suffice it to state here, with-

out repeating the questions, that the questions read by appellee were leading. However, the rule seems to be that the matter of allowance of leading questions rests generally in the discretion of the trial court. McCormick & Ray, Texas Law of Evidence, § 579, p. 457. At any rate, the deposition testimony given by Dr. Robberson in response to the leading questions was cumulative of testimony given by Dr. Needham from the witness stand. The burden is upon appellant 1.) to show an abuse of discretion upon the part of the trial judge and 2.) that the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. A careful review of the entire record convinces us that the appellant has failed to meet that burden. Rule 434 Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.