Wesley FARRIS, Appellant,

v.

SMITH ERECTORS, INC., Appellee.

No. 16379.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 31, 1974.

Rehearing Denied Nov. 27, 1974.

**282**

Mitchell & Stewart, Arthur Mitchell, Kirk Patterson, San Antonio, Eugene Chambers, Houston, for appellant.

Dearman & Weaver, C. Dudley Dearman, Houston, for appellee.

EVANS, Justice.

Wesley Farris sued Smith Erectors, Inc. on written contract dated April 21, 1972. Under their agreement, Farris was to be paid $30,000.00 for unloading and erecting the structural steel for the City's Edloe Street-Bissonnet to Richmond Avenue project in accordance with specified plans and specifications. Farris alleged that after substantially performing the contract, he was wrongfully prevented from completing his work by Smith and claimed damages in the amount of $18,000.00, which was the contract price less the sum of $12,000.00 which he alleged he had been paid. He also sued for exemplary damages and attorney's fees. Smith answered, alleging that Farris had breached the contract by failing to properly complete the work as specified in the plans and specifications; that he had failed to complete the work in a workmanlike manner and that he had caused an unreasonable delay in the completion of the project.

At the conclusion of a trial to the court, a take nothing judgment was entered against Farris. Findings of fact and conclusions of law were requested but the omission of the court to file such findings and conclusions was never called to its attention. Rule 297, Texas Rules of Civil Procedure. The trial court must be presumed to have found every issuable fact proposition in favor of appellee and its judgment must be affirmed if it can be supported on any theory presented by the record. McDonald, Texas Civil Practice, 1971 Rev., Vol. 4, Sec. 16.10, p. 30; Polk v. Grogan's Wholesale & Retail Lumber, 325 S.W.2d 201 (Tex.Civ.App.—Waco 1959, writ ref. n. r. e.).

On this appeal Farris asserts: (1) that the undisputed evidence shows an acceptance of plaintiff's work and wrongful prevention of full performance by Smith; (2) that there is no evidence that Farris did not timely complete performance under the contract; (3) that the implied finding that the work was not timely completed under

the contract is against the overwhelming weight and preponderance of the evidence.

The record shows that Farris completed the erection and fabrication of the structural steel on the Southwest Freeway overpass phase of his contract in about seven weeks. It was estimated that this phase of the work constituted approximately one-half of the total work contemplated by his contract. Due to the necessity of other work being completed and apparently through no fault of Farris, the work which remained to be done under his contract was considerably delayed. Subsequently Farris was advised by Smith that he would not be permitted to complete his contract and that Smith was taking over that portion of the work.

The Smith-Farris contract does not specify any time within which performance was to be completed and we find no evidence in the record from which it might be concluded that the parties intended time to be of the essence. We find the evidence conflicting as to whether the work was completed by Farris within a reasonable period of time and as to whether any delayed completion was due to the fault of Farris or by reason of other causes. There was evidence from which the trial court could have determined that Farris failed to complete the work within a reasonable period of time and that this was not the result of causes beyond his control. There was testimony that Farris' delay in completing the first phase of his work caused a problem in the scheduling of the overall project but the extent to which this resulted in damage to Smith was not shown. There was also testimony that Smith had been required to pay for items resulting from defective welding by Farris' employees. It was undisputed that the work which Farris did was subsequently accepted.

The trial court could properly have determined the disputed issues in favor of Smith. However, while Smith may have been entitled to damages occasioned by reason of an unreasonable delay in the completion of Farris' work, or to offset for items he was required to pay because of defective workmanship, he was not justified in attempting to rescind or cancel the entire contract. Chenault v. Shelby County, 320 S.W.2d 431 (Tex.Civ.App.—Austin 1959, writ ref. n. r. e.).

"The courts agree in holding that, where time is not expressly or by implication the essence of the contract, the failure or inability to perform within the time designated gives the other no right to rescind or abandon the contract, since such a breach does not defeat the object of the parties. Where performance on a precise date is not vital and may be compensated in damages, mere delay, in the absence of fraud or the like, will not justify the other party in abandoning the contract." Latham v. Butler, 17 S.W.2d 1083, 1086 (Tex.Civ.App.—Galveston 1929, writ ref., quoting from 16 R.C.L. Sec. 312, p. 928).

A contractor who is unjustifiably prevented by the owner from finishing his work may sue and recover as provided by the contract. Smith v. Lipscomb, 13 Tex. 532 (Tex.Sup.1855); Dockery v. Durham, 3 S.W.2d 514, 519 (Tex.Civ.App.—Waco 1927, writ dism'd). His recovery in such case is measured by the difference between the contract price and what it would have cost him to carry out the contract. Waco Tap R. Co. v. Shirley, 45 Tex. 355 (Tex.Sup.1876); Carras v. Birge, 211 S.W.2d 998 (Tex.Civ.App.—Dallas 1948, writ ref. n. r. e.). Although he is entitled to recover the profits which the contract would have yielded, he is not entitled to receive, if he has only partially performed the contract, the same amount of money to which he would have been entitled had it been fully executed. Porter v. Burkett, 65 Tex. 383 (Tex.Sup.1886). The burden of proof is upon the contractor to provide the data from which such damages may be computed. Tower Contracting Company v. Flores, 294 S.W.2d 266 (Tex.Civ.App.—Galveston 1956, aff'd as modified, 157 Tex. 297, 302 S.W.2d 396). See also 17 A.L.R. 2d 968, 988, Sec. 7. This would consist of

evidence of the contract price and proof of the probable cost to the plaintiff of completing performance. 13 Am.Jur.2d, Building and Construction Contracts, Sec. 122, pp. 112–113. The probable cost of completing the work might be established by proof of the value of materials, labor and skill required as of the time of the breach. Carras v. Birge, supra; Restatement of the Law of Contracts, Sec. 346, pp. 578–80.

A review of the record fails to disclose evidence from which the trial court could have ascertained the probable cost of completing the work under Farris' contract. Accordingly the trial court could not measure what Farris' profit would have been had he completed the work. The suit was solely upon the contract and we find neither pleading nor proof which would authorize recovery upon quantum meruit. It was undisputed that Farris received the sum of $12,000.00 for the work which he performed and we find no evidence in the record which would support a judgment for an additional amount.

The judgment of the trial court is affirmed.