WILFIN, INC., Appellant,

v.

Van N. WILLIAMS, Appellee.

No. 20475.

Court of Civil Appeals of Texas, Dallas.

Feb. 16, 1981.

Rehearing Denied March 24, 1981.

Viki Livesay, Dallas, for appellant.

John Ellis, Dallas, for appellee.

Before CARVER, STOREY AND STEPHENS, JJ.

STEPHENS, Justice.

This is a breach of contract case. The trial court rendered judgment against Wilfin, Inc. on a jury verdict awarding Val N. Williams $8,000 for lost profits. Wilfin, Inc. seeks reversal, contending the trial court erred in overruling its motion for judgment *non obstante veredicto* because of insufficient evidence and alternatively, no evidence to support the jury's findings. We affirm.

Williams, by way of counterclaim, sued Wilfin, a general contractor, for breach of a landscape contract, alleging that Wilfin wrongfully refused to permit Williams to perform any part of the contract, resulting in damages of $15,000 for lost profits. The jury found that Williams suffered $8,000 in lost profits. The principal question present-ed is whether there is any evidence to support the jury's findings as to lost profits.

Wilfin contends that the trial court erred in overruling its motion for judgment *non obstante veredicto* because of the insufficiency of the evidence. We do not agree. A trial court may not grant judgment *non obstante veredicto* based upon the insufficiency of the evidence. Such motion may be granted and judgment rendered only if there is no evidence of probative force to support the jury's findings. *Burt v. Lochausen*, 151 Tex. 289, 249 S.W.2d 194 (1952); *American Produce & Vegetable Co. v. J. D. Campisi's Italian Restaurant*, 533 S.W.2d 380 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.); *Pool v. Dickson*, 512 S.W.2d 68 (Tex.Civ.App.—Tyler 1974, no writ); *Shultz v. Resthaven Cemetery, Inc.*, 375 S.W.2d 493, (Tex.Civ.App.—Houston 1964, writ ref'd n.r.e.).

Wilfin further complains that there was no evidence to support the jury's findings as to lost profits. In reviewing this point we must consider all evidence and inferences favorable to the jury's findings and reject all evidence and inferences contrary to such findings. *Campbell v. Northwestern National Life Insurance Co.*, 573 S.W.2d 496, (Tex.1978); *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547, (1962).

Wilfin first urges, under its no evidence point, that Williams failed to establish the fact of legal damages and thus we should reverse and render. We are unable to find, nor have we been cited to a precise definition of the term "legal damages." Damages have been defined as "a sum awarded to one because another has wrongfully invaded his rights contrary to agreement or contrary to law." *Burns v. American Nat. Ins. Co.*, 280 S.W. 762, (Tex. Comm'n App. 1926, judgmt adopted); *Richmond v. Broughton*, 190 S.W.2d 842 (Tex. Civ.App.—Fort Worth 1945, writ ref'd w.o. m.). Our supreme court in *Southwest Battery Corporation v. Owen*, 131 Tex. 423, 115 S.W.2d 1097 (1938) held that uncertainty as to the fact of legal damages is fatal to recovery, but uncertainty as to amount will

not defeat recovery, stating that a party who breaks his contract cannot escape liability because of the difficulty of proving the exact sum of damages. *See H.B. Zachary Co. v. Ceco Steel Products Corp.,* 404 S.W.2d 113, 131–132 (Tex.Civ.App.— Eastland 1966, writ ref'd n.r.e.). In *South Chester Tube Co. v. Texhoma Oil & Refining Co.,* 264 S.W. 108, 111 (Tex.Civ.App.— San Antonio 1924, writ dism'd) the court held that the rule as to uncertainty relates to uncertainty as to cause and not as to uncertainty as to measure of damages, holding that a party who has wrongfully broken a contract should not be permitted to reap an advantage by insisting on unobtainable proof. Thus, reasonable certainty as to amount of damages is all that is required, and not mathematical certainty. We agree with Wilfin that if the fact of legal damages is not proved, no recovery may be had by Williams. However, it is undisputed that Wilfin and Williams entered into a written contract whereby Wilfin agreed to pay Williams the sum $25,090 for the performance of certain landscaping services and that Wilfin refused to permit Williams to perform any part of such contract. We conclude that, absent objection, Williams' testimony that his minimum profit on the job would not have been less than $8,000, is sufficient to establish the fact of legal damages.

Wilfin next complains that Williams failed to establish the amount of his damages, and urges that we reverse and remand as to the amount of damages, if we conclude that Williams did suffer legal damages. The amount of damages, by way of lost profits, suffered by Williams poses a more difficult question. Generally, the cases hold that to justify an award for lost profits, the proper measure of damages is evidence, supported by data, of the cost of performance of the contract. Thus, by deducting costs of performance from the contract price, profits may be found. However, this rule is not inviolable.

The only evidence introduced with respect to the amount of lost profits was the testimony of Val N. Williams, which was admitted without objection. He testified that the contract price of the job in question was $25,090, and had he been permitted to perform, his profit would have been not less than $8,000, and that Wilfin's failure to permit his performance of the job had caused him monetary damages of $8,000 which would have been his profit. Williams further testified that he had been in the landscape business or associated therewith about 13 years; that he had contracted with Wilfin before and after the job in question, referring to four other specific contracts by name, and stating that there were others. On direct and cross-examination, Williams testified that his normal profit on a landscape and sprinkler job was about a third; that it is customary that drawings for landscape-sprinkler systems be prepared when a bid is submitted and before a contract is entered into; and that as to this job he prepared and submitted three landscape plans for approval. Williams testified at length on direct and cross-examination as to various specifics of other jobs. This evidence was sufficient to qualify Williams as an expert. Furthermore, a witness is presumed to be qualified to give his opinion, when the opinion is admitted without objection. *Texas Employers' Ins. Ass'n. v. Eubanks,* 240 S.W.2d 811 (Tex.Civ.App.— Dallas 1951), *rev'd on other grounds,* 151 Tex. 67, 246 S.W.2d 467 (1952); and failure to timely object to admission of evidence constitutes a waiver thereof. *Traders & General Insurance Company v. Randolph,* 467 S.W.2d 689 (Tex.Civ.App.—Amarillo 1971, no writ); *Texas Employers' Ins. Ass'n. v. Hodnett,* 216 S.W.2d 301 (Tex.Civ.App.— Fort Worth 1948, writ ref'd n.r.e.); *Southwestern Bell Telephone Co. v. Davis,* 582 S.W.2d 191 (Tex.Civ.App.—Waco 1979, no writ).

In *Graham Hotel Co. v. Garrett,* 33 S.W.2d 522 (Tex.Civ.App.—El Paso 1930, writ dism'd) the facts were similar to this case. Garrett, a barber of some 25 years complained that Graham Hotel Co. had breached their lease agreement to furnish heat and hot water and claimed, among other damages, lost profits. He testified

with respect to his lost profits, that had he been furnished heat and hot water, he would have made $200 net to himself. This testimony as to lost profits was clearly his conclusion of an ultimate fact. The court held the evidence admissible and the weight of it for the jury; that such conclusion was not objectionable because Garrett's years of experience in his own business qualified him to state such conclusion. The court noted that no objection was made to the evidence on the ground of lack of qualification of the witness, and concluded that its admissibility was within the discretion of the trial court.

In *Winkler v. Cox*, 243 S.W.2d 248 (Tex. Civ.App.—San Antonio 1951, no writ) the court awarded an attorney's fee based upon the strength of uncorroborated evidence of one lay witness. The evidence was offered and admitted without objection and the court held that absent timely objection, conclusory opinions are admissible, yet are not binding on the jury. The jury may agree or disagree with such evidence.

In *Nichols v. Seale*, 493 S.W.2d 589, 593–595 (Tex.Civ.App.—Dallas 1973), *rev'd on other grounds*, 505 S.W.2d 251 (Tex.1974). This court held that, "No precise line can be drawn between an admissible statement of fact and an inadmissible opinion or conclusion. The lack of a precise line between fact and opinion requires the recognition of an area where opinions or conclusions may be received as a shorthand rendition of facts quoting the language of 1 Wharton, Law of Evidence § 510 as follows:

> The true line of distinction is this: An inference necessarily involving certain facts may be stated without the facts, the inference being an equivalent to a specification of the facts; but when the facts are not necessarily involved in the inference (e. g., when the inference may be sustained upon either of several distinct phases of fact, neither of which is necessarily involved), then the facts must be stated. In other words, when the opinion is the mere shorthand rendering of the facts, then the opinion can be given, subject to cross-examination as to the facts on which it is based.

The court specifically stated that its holding was not to deny the right of the trial judge to sustain objection to conclusory testimony, recognizing that he may either admit the conclusion and permit cross-examination or sustain the objection and require the witness to state the facts more specifically. In *Carr v. Radkey*, 393 S.W.2d 806 (Tex. 1965), cited in *Nichols*, the supreme court held that opinions of lay or expert witnesses on ultimate issues to be decided by the jury may be admissible so long as they do not involve "legal definitions, legal tests, or pure questions of law."

 We conclude that Williams' testimony, being direct, positive, uncontroverted, and admitted without objection satisfied the proof of legal damages. It is our opinion that the jury could reasonably infer from the entire testimony that Williams arrived at his conclusion of "minimum profit" by his knowledge of the cost of performing each element of the contract and subtracting the total of such costs from the contract price. The evidence submitted was more than a scintilla, thus the trial court would have erred in granting a motion for judgment *non obstante veredicto*. *Alamo Ambulance Service, Inc. v. Moulton*, 402 S.W.2d 200, (Tex.Civ.App.—San Antonio 1966), *aff'd*, 414 S.W.2d 444 (Tex.1967). Accordingly, we overrule Wilfin's no evidence point. A contrary view would prevail had there been a partial performance of the contract, but here, the contract being entirely executory, the conclusory testimony constitutes some evidence of lost profits.

Affirmed.

CARVER, Justice, dissenting.

I respectfully dissent because opinion evidence as to lost profits does not discharge a burden of proof to show "the probable cost to the plaintiff of completing performance" consisting of "proof of the value of materials, labor, and skill required as of the time of breach."

My view is compelled by *Farris v. Smith Erectors, Inc.*, 516 S.W.2d 281 (Tex.Civ.App. —Houston [1st Dist.] 1974, writ ref'd) from which I quote and emphasize as follows:

A contractor who is unjustifiably prevented by the owner from finishing his work may sue and recover as provided by the contract. *Smith v. Lipscomb*, 13 Tex. 532 (Tex.Sup.1855); *Dockery v. Durham*, 3 S.W.2d 514, 519 (Tex.Civ.App.—Waco 1927, writ dism'd). His recovery in such case is measured by the difference between the contract price and what it would have cost him to carry out the contract. *Waco Tap R. Co. v. Shirley*, 45 Tex. 355 (Tex.Sup.1876); *Carras v. Birge*, 211 S.W.2d 998 (Tex.Civ.App.—Dallas 1948, writ ref. n.r.e.). Although he is entitled to recover the profits which the contract would have yielded, he is not entitled to receive, if he has only partially performed the contract, the same amount of money to which he would have been entitled had it been fully executed. *Porter v. Burkett*, 65 Tex. 383 (Tex.Sup. 1886). *The burden of proof is upon the contractor to provide the data from which such damages may be computed. Tower Contracting Company v. Flores*, 294 S.W.2d 266 (Tex.Civ.App.—Galveston 1956, aff'd as modified, 157 Tex. 297, 302 S.W.2d 396). See also 17 A.L.R.2d 968, 988, Sec. 7. *This would consist of evidence of the contract price and proof of the probable cost to the plaintiff of completing performance.* 13 Am.Jur.2d, Building and Construction Contracts, Sec. 122, pp. 112–113. The probable cost of completing the work might be established by proof of the value of materials, labor and skill required as of the time of the breach. *Carras v. Birge*, supra; Restatement of the Law of Contracts, Sec. 346, pp. 578–80.

*A review of the record fails to disclose evidence from which the trial court could have ascertained the probable cost of completing the work under Farris' contract. Accordingly the trial court could not measure what Farris' profit would have been had he completed the work.* [Emphasis added.]

516 S.W.2d at 283–284.

The majority attempts to justify its holding by relying upon *Nichols v. Seale*, 493 S.W.2d 589, 595 (Tex.Civ.App.—Dallas 1973, *rev'd other grounds*, 505 S.W.2d 251; however, *Nichols* may not be so broadly read as to permit a witness, lay or expert, to voice as fact a conclusion based on a broad segment of data. *Nichols* examined a summary judgment affidavit challenged as being merely conclusory and not reflecting "such facts as would be admissible in evidence" as required by Texas Rules of Civil Procedure 166–A(e). Chief Justice Guittard in *Nichols* stated:

No precise line can be drawn between an admissible statement of fact and an inadmissible opinion or conclusion. Almost all testimony involves inferences from sensory data. Rarely can a witness communicate exactly what he saw or heard. He must select, summarize and interpret past impressions as he presently remembers them. 7 Wigmore, Evidence § 1919 (3d Ed.1940); McCormick, Some Observations Upon the Opinion Rule and Expert Testimony, 23 Texas L. Rev. 109, 111 (1945). Trials would be prolonged intolerably if all witnesses were required to detail all relevant data to the full extent of their ability. A witness may testify that an event occurred "about noon" without saying first whether he looked at his watch, observed the position of the sun, or consulted the state of his stomach, although he is subject to cross-examination on these matters. On the other hand, if all witnesses in a trial merely express their opinions on the ultimate issues to be decided, too much reliance is placed on their intelligence, judgment and integrity and the jury does not have adequate data for its decision. The distinction is one of degree depending on how large a segment of data the statement encompasses. 2 McCormick & Ray, Texas Law of Evidence § 1394 (2d Ed.1956). The narrower the segment, the more likely the court is to treat the statement as one of fact, as in the example of the estimate of the time of day. *The broader the segment of data encompassed by a witness' statement, the more likely the court is to regard it as an inadmissible conclusion and to require the facts to be stated more*

*specifically so that the jury can draw its own inferences.* [Emphasis added.]

493 S.W.2d at 593.

It is difficult for me to conceive a broader segment of data than the probable cost of performing a landscape contract, including materials, labor, and skill. Relying on *Nichols*, I would "require the facts (as to cost of completion) to be stated more specifically so that the jury can draw its own inferences." I would hold in this case that Williams' opinion of his lost profits was not evidence of his cost of performance, but was rather an inadmissible conclusion upon which a verdict may not lie. Since the record provides no other proof of damages, the jury's verdict and the trial court's judgment has no support in the record.